Duncan J.
The exceptions to the indictment are groundless. The first is, that the goods or monies, intended to be stolen, and the value, are not specified-! The intention of the person, was to pick the pocket of Earle of whatever he found in it; and although there might be nothing in the pocket, the intention to steal is the same: he had no particular intention to steal any particular article, for he might not know what was in it)* it would be impossible to lay the intention in any other way than a general intention to pick the pocket of Earle. The crime was the assault j the intention is only aggravation.
The second objection is still more frivolous: it is to the conclusion of the indictment, against the peace and dignity of the Commonwealth of Pennsylvania: and it is contended, that the Constitution directs, that the style of all process shall be, the Commonwealth of Pennsylvania: and that all prosecutions shall be carried on in the name, and by the authority of the Commonwealth of Pennsylvania, and conclude against the peace and dignity of the same; same referring to the next article, the Commonwealth of Pennsylvania. But in the indictment it might be to John Rogers, and the conclusion of the indictment would then be, against the peace and dignity of the said John Rogers. Since the formation of our present Constitution, the conclusion of all indictments have been as this is; and in any other form, they would all have been erroneous, insensible, and ridiculous.
The prisoner was convicted on both counts, and sentenced to pay a fine of six cents, to undergo a servitude in the gaol of the city and county of Philadelphia two years, to be confined at hard labour, fed and clothed as the law directs.
The Court are of opinion, that this sentence is not authorised by the laws of Pennsylvania. In England, the punishment of whipping, was inflicted on persons of inferior condition guilty of petit larceny, and other small offences; but it would seem at the earliest period, by the usage of the State charter, it never was to be inflicted on a gentleman. All those indictable offences which exist at the common law, and which discover a meanness of disposition; every des *465 cfiption of fraud, not amounting to a felony; all misdemearxours and crimes, not subjecting the offender to capital punishment; are punishable at the common law at the discretion of the Court, with whipping and the pillory ; including conspiracies, disorderly houses, libels on religion or government. This is stated as the law of England by Mr. Chitty, in his first volume on the Criminal Law; leaving a wide range to the discretion of the Court, to be exercised with consideration of the condition in life, the age, the sex, and corporal strength of the criminal; the temptation; and all other circumstances of extenuation or aggravation: but in that country it is believed, there has been no instance of the infliction of such punishment since the abolition of the Star Chamber, for any assault, unless attended with an intent to murder, or some gross attempt on the person. And in 1 Chit. 584, the law is so considered. Assaults, says the author, vary of course from the infinite variety of circumstances with which they are attended; thus assault with intent to commit a rape, or unnatural crime, may require the utmost severity that the Court are empowered to exert. Hawkins, in his pleas of the crown, and Blackstone, 4 Bl. 216, seem to confine infamous punishment to this class of assaults. On assaults committed with very atrocious designs on the person, as with intention to murder, ravish, or commit the unnatural crime, it has been usual to inflict at the common law, the punishment of the pillory, or other ignominious corporal punishments.
Whipping, or the pillory, is the usual punishment of one convicted of infamous crimes. Kidnapping, by the common Jaw, is punished with fine, imprisonment, and the pillory. Raym. 474. 2 Show. 281. Skinn.47. This dreadful crime, was punished with death by the Jewish, and by the civil law, 14 Vin. tit. Indictment, H. 5. 372. In what cases, where the thing in which the offence consists is only prepared or incohate, or intended, but not executed. Note per Shard. He who is taken deprcedando vel burgulando; shall be hanged, • though he puts nothing in ure. Br. Corone, pl. 106. cites 27. Ass. 28. And said that a thief who assaults a man to have robbed him, shall be hanged, by advice of all the counsel except Stouf: quod queere; for at this day a man shall not be hanged without an act done in case of felony; contra of treason. But if this judgment be warranted by *466 law, then the attempt to commit felony is a higher offence, than its actual perpetration, because its punishment is more grievous. It was not usual in Pennsylvania, (nor ever, it believed exercised,) before the act for reforming the penal laws, to inflict whipping, the pillory, or imprisonment for life, or other ignominious corporal punishments for any assault, whatever the intention might be, unless in the cases before stated. It is not usual in England so to do at the common law, at this day, except in these cases. Although the State penal code provides that grade of punishment for many attempts, and in some instances makes the attempt capital, as under the black act, and a variety of other statutes. If this position be correct, then the 4th section of the act of the 5th April, 1790, 3 Sm. L. 531, to reform the penal law, which enacts “ that every person being an accessary after the deed in any felony, or of receiving stolen goods, or of any other offence not capital, for which by the laws in force before the act, entitled an act to amend the penal laws of this State, burning in the hand, cutting off the ear, or nailing the ear or ears to the pillory, placing in and upon the pillory, whipping, or imprisonment for life, is, or may be inflicted, shall instead of such parts of the punishment, be fined and sentenced to undergo in like manner, and be confined to hard labour, fed and clothed as therein after is directed, for any term not exceeding two years, which the Court before whom such conviction may be, shall in their discretion think adapted to the nature and heinousness of the offence,” did not include this offence. By the 7th section, it is provided, that every other felony and misdemeanour whatsoever, not specially provided for by that act, shall and may be punished as heretofore. And by the act of 4th April, 1807, the Courts are invested with the power of increasing the punishment to a period not exceeding seven years of all offences under the 4th section of the act of 1790, excepting the enumerated cases of bigamy, or being accessary after the fact in any felony, or of receiving stolen goods. It was the intention of the legislature to abolish whipping and the pillory, by the substitution of confinement at hard labour ; to subject to this punishment all those who were before the subjects of corporal punishments. If an unexecuted attempt to steal could be punished by confine *467 ment for seven years at hard labour, then the intention to commit larceny is considered as a higher and more aggravated offence than its perpetration, and is punished with heavier penalties, for larceny itself cannot be punished by a confinement longer than three years. If the man had succeeded and picked the pocket of Earle, he could not be confined at hard labour longer than three years; but because he failed in the attempt four years may be added. Such a construction cannot be just, as it would impute to the legislature an intention inconsistent with all reason and justice, and contrary to the spirit and views of all their acts, whose declared objects are, to proportion punishments to the crime, and to render all pu-" nishments moderate but certain, without regard to the quality of the person, whether he be a gentleman or one of inferior condition. The intention to steal does not constitute the offence; it is the assault which is a breach of the peace, and renders the act done indictable; the intention with which it was done aggravates the assault, but does not make the crime : for had the jury acquitted the prisoner of the assault, nothing would have been left punishable as the charge is laid in this indictment It is an aggravated assault. The assault is the principal: the intention the accessary. Then if every act punishable by the common law of England at the discretion of the Court, by whipping and the pillory, under the act of assembly, were punishable by a confinement at hard labour for a term not exceeding seven years, our prisons would be filled with such offenders, and ignominy and infamy would be necessarily attached by confinement to hard labour, and minor offences committed many times under circumstances of great alleviation, would stain the offender with indelible infamy and disgrace. For although the Court have discre-. tionary power as to the degree, yet they have none as to the species of punishment; for that is taken away, and confinement at hard labour for one hour, would disgrace for life. For by the act of 1790, all malefactors are to be kept at most servile labour, fed on bread and water, clothed in the meanest habits, and their heads shaved once every week. Such punishment could only be inflicted under this act where, by the laws in force before its passage, infamous corporal punishment could be inflicted. For such an assault before the passage of this act, such punishment had not been *468 inflicted ; and it never could be the intention of the legislature to punish with greater severity an abortive attempt, than a successful issue, or leave it in the power of the Court to dó s0* The judgment for these reasons must be reversed,
Judgment reversed.