## STATE *vs.* GEORGE WILSON AND ANOTHER.

Although an *attempt* to commit a crime involves both a guilty intent and an overt act, yet it is not enough to charge an attempt merely, but both the intent and the overt act must be specifically alleged.

And the overt act must be such as is in itself adapted to produce the effect intended, and must be so averred that it can be seen to have been so adapted.

Where in charging an attempt to steal from the person, the act done was alleged to be "thrusting his hand into her pocket," it was held to be sufficiently alleged; but where it was alleged to be "picking her pocket" the allegation was regarded as too uncertain and equivocal.

The attempt to steal from the person by thrusting the hand into the pocket is complete as a crime although there may have been nothing in the pocket.

The principle that to make a crime of an attempt to commit a crime, there must have been a present ability to perpetrate the crime intended, applies only to the act itself. If the act is in itself efficient to produce the effect intended, the offense is complete, although the effect be defeated by something extrinsic to the act.

If the name of the person on whom a crime has been committed is unknown to the informing officer, it may be averred to be unknown and it is not unnecessary to prove it.

It seems however that, where it is so averred and it appears on the trial that the name was known, the defendant is entitled to an acquittal.

Where two persons combine to steal from the persons of a crowd, and one of them attempts to steal while the other abets him, both are guilty of the attempt; and the attempt is not merged in the conspiracy.

INFORMATION against the defendants for attempting to steal from the person, and for an assault with intent so to steal; tried in the superior court before *Waldo, J.*

The information was as follows:—

"Richard D. Hubbard, attorney for the state within and for said county, presents and informs that heretofore, to wit, on the 4th day of September, 1861, at Hartford in said county, George Wilson and William Marsh, transient persons, with force and arms, feloniously did attempt to steal, take and carry away, from the person of a woman, whose name and a further description of whom is to said attorney unknown, the moneys and personal property of the said woman, then and there in her possession, the description and value of which said moneys and personal property is to said attorney unknown, by picking her pocket; all of which is against the peace and a high crime and misdemeanor.

State *v.* Wilson.

"And said attorney further presents and informs that, on the 4th day of September, 1861, at said city of Hartford, the said George Wilson and William Marsh, with force and arms, willfully and maliciously did make an assault on the person of a certain woman, whose name and a further description of whom is to said attorney unknown, and then and there, with like force and arms, did thrust their hand into the pocket of said woman, with intent in so doing, the moneys, goods and chattels of said woman, if any such should then and there be found in her personal possession, feloniously to take, steal and carry away from her person; all which is a high crime and misdemeanor, and against the peace." ·

On the trial to the jury the attorney for the state offered evidence to prove that, on the 4th day of September, 1861, there was a large number of persons congregated at the railroad station in the city of Hartford, on the occasion of the funeral of General Lyon, that the prisoners were there, and that while the attention of the persons present was engaged in the ceremonies going on, Marsh, one of the prisoners, thrust his hand into the pocket of an elderly lady, who was engaged in observing what was passing; and that Wilson, the other prisoner, was present, aiding and abetting Marsh. He did not however offer any evidence to prove the name of the woman, nor attempt to prove that she had any money or other thing of value in her pocket. The counsel for the prisoners thereupon claimed that, in the absence of any evidence to show the name of the person into whose pocket Marsh had thrust his hand, or that she had in her pocket any thing of value, no offense known to the laws of this state had been committed by either of the prisoners, and that they should be acquitted by the jury; and they requested the court so to charge the jury. The court did not so instruct the jury, but charged them that, if they should find that the prisoners had combined to obtain possession of the money of the people present on that occasion by picking their pockets and to divide their ill gotten gains between them, and that in pursuance of this object the said Marsh thrust his hand into the pocket of a woman whose name was unknown, with an intent in so doing to steal the

State *v.* Wilson.

money or other property belonging to her if any should be found in her personal possession, and that the said Wilson was present aiding and abetting him, their verdict should be that they were both guilty of the crime charged in the information.

The jury having returned a verdict of guilty against the defendants, they moved for a new trial for error in the charge of the court and in the refusal to charge as they requested. They also moved in arrest of judgment for the insufficiency of the information. The latter motion was reserved with the other for the advice of this court.

*Eaton* and *Gilman*, in support of the motion.

The information is too vague and uncertain, and does not set forth facts enough to show that any offense known to the law has been committed. It does not allege the name of the person on whom the theft was attempted, nor that there was any property that could have been taken. *Randolph* v. *Commonwealth*, 6 Serg. & R., 398. *Commonwealth* v. *Clark*, 6 Gratt., 675. A mere intent to commit a crime is not indictable. *Commonwealth* v. *Morse*, 2 Mass., 128. *Dugdale* v. *Regina*, 16 Eng. Law & Eq., 380. 17 Am. Law Reporter, *N. S.*, 34. An attempt to commit a crime, without present ability to perpetrate the offense intended, amounts only to an intent, and is itself no crime. *Blake* v. *Barnard*, 9 Car. & P., 626. *Regina* v. *Baker*, 1 Car. & Kir., 255. The fact that the pocket, which the defendants are charged with attempting to pick, was empty at the time, shows that there was not that present ability to effect the theft which was necessary to make the attempt a crime. The crime of combining to steal from people generally, is wholly a different one from a particular theft or attempt at theft, and is not charged in the information; and the judge erred in instructing the jury that if the defendants were found by them to be guilty of such a combination, they should find them guilty of the crime charged in the information.

*Hubbard*, state attorney, and *McFarland*, contra.

An attempt to commit a felony is a high crime and misdemeanor. 1 Russell on Crimes, 46. *State* v. *Danforth*, 3 Conn., 112. *State* v. *Avery*, 7 id., 267. In an indictment for such an attempt, the same exactness is not required as in an indictment for the felony itself. Wharton's Crim. Law. §§ 292, 2698. It was not necessary to aver or prove the name of the person on whom the attempt was made, it being unknown to the prosecuting attorney. Even the name of the offender need not be stated where not known, nor the goods described in the case of larceny where not known. *State* v. *Angel*, 7 Iredell, 27. Wharton's Crim. Law, § 251. The intent was the essential part of the crime in this case, and the fact that there was no money in the pocket which the defendants attempted to pick can make no difference. The attempt did not fail from any want of ability on their part to effect the theft. *Josslyn* v. *Commonwealth*, 6 Met., 239. *Commonwealth* v. *McDonald*, 5 Cush., 365.

BUTLER, J. We are all satisfied, upon a careful consideration of the case, that this verdict and judgment should stand.

It may well be doubted whether the first count of the information is sufficient. A mere intent to commit a crime, which exists in the mind only, and has not induced and characterized an act, is not a punishable offense; and therefore an " attempt " necessarily includes the intent, and also " an act of endeavor " adapted and intended to effectuate the purpose; and both must be specifically alleged and proved. Although it has been said by one of the elementary writers cited, that an attempt need not be set forth with as much exactness as is required in an indictment for the commission of the offense, it is not true as a general proposition, nor applicable to a case like this. In the first count the intent is not expressly alleged. The question was considered in some of the old cases whether the word " intending," in the introductory part of an indictment, was a sufficient allegation of the intent, in cases where the intent was an essential ingredient of the crime, (as it always is when the act of attempt is otherwise innocent or a mere trespass) and it was holden that it was. *Rex* v.

*Phillips*, 6 East., 464, and cases cited. But we are not aware that it has ever been holden that the allegation may be wholly omitted in an information for an attempt; nor of any good reason why it may not and should not be expressly alleged in all such cases. If it be said that the words " attempt to steal " imply it sufficiently, the conclusive answer is, that they equally imply an overt act of endeavor, for that is equally an element of the attempt; and if either element of the offense may be left to implication, both may be, and a general averment of an attempt to steal, or to rob, or other attempt, would in such cases be sufficient. This can not be permitted in justice to the accused, nor consistently with the rule always substantially adhered to, that the want of a direct allegation of any thing material in the description of the nature, substance or manner of the offense, can not be supplied by intendment or implication. 2 Hawkins P. C., Chap. 25, § 60. *Rex* v. *Higgins*, 2 East, 20. *Rex* v. *Phillips*, 6 East, 464.

Nor is the averment of the overt act sufficient. It is essential that the act of endeavor should be intrinsically adapted to effectuate the purpose; and in order that the court and the accused may see that the act is so adapted, it should be specifically stated. Here the averment of the act, " by picking her pocket," is uncertain and equivocal. What is meant by the words, " by picking her pocket," in the connection in which they are used ? Do they state clearly a specific act of endeavor ? If the pocket was in fact picked, the offense intended was committed, and merged the offense charged; and it is not clear that the expressions used are not open to that construction. If they are equivalent to the words " by attempting to pick her pocket," they are still uncertain. By what act ? What did the accused do by way of attempt ? Pockets are picked by cutting them off and removing them, by cutting them open so as to expose their contents, and by thrusting the hands into them. So various other acts are done by the intended thief, or his confederates, to divert or engross the attention of the victim; such as gathering around him in a crowd, or jostling him, or creating in some other way confusion or alarm, while the pocket or its contents are secured. If

under a general averment of " attempting to pick the pocket " any direct attempt to remove, open it, or grasp its contents, and any auxiliary act calculated to engross or divert the attention of the owner may be proved, injustice may be done to the accused ; as well because no preliminary question can be made respecting the adaptation of the act, as because the accused will not be able to anticipate, if innocent, the precise act which he is called upon to explain or disprove, or have the benefit of a definite record in the event of a subsequent prosecution.

The second count is not open to these objections. In that the act of endeavor—" by thrusting the hand into the pocket "— and the intent, are specifically charged ; and that count in those particulars is clearly sufficient.

But it is further claimed that there must be present ability to perpetrate the offense ; that if, in this case, the pocket was empty, there could be no such ability ; and that the second count of the information does not allege that there was in fact property in the pocket.

There must undoubtedly be present ability to perpetrate the offense. The person must be of legal age, compos mentis, and in a situation to effect the purpose, directly or by the agency of others. But it is not true that the thing intended to be taken must be where the attempting thief supposes it to be, or that there must be in fact property where he supposes there is. · It is sufficient if he supposes there is property in the pocket, trunk, or other receptacle, and attempts, by some act adapted to the purpose, to obtain it feloniously. ·

Thus a conviction has been sustained for an attempt against one who broke open a trunk, supposing there was property in it and intending to steal it, when in fact there was none ; and against one who administered noxious drugs to a woman, supposing her pregnant and intending to produce abortion, when she was not pregnant; and against a person for thrusting his hand into the pocket of another, supposing there was property in it, and with intent to steal, when the fact that there was property in it was not alleged or proved on the trial. *Commonwealth* v. *McDonald*, 5 Cush., 365. In that case it is

true, the indictment was framed upon a special statute but that statute was in affirmance of the common law, as in force and recognized in this state; and the same principles were involved. A similar case has been decided in Pennsylvania, (*Rogers* v. *Commonwealth*, 5 Serg. & Rawle, 463,) and a case differing as to the facts, but involving like principles upon a like statute in New York. *The People* v. *Bush*, 4 Hill, 133. Indeed, upon principle, it would be a novel and startling proposition, that a known pickpocket might pass around in a crowd, in full view of a policeman, and even in the room of a police station, and thrust his hands into the pockets of those present with intent to steal, and yet not be liable to arrest or punishment, until the policeman had first ascertained that there was in fact money or valuables in some one of the pockets on which the thief had experimented. The statement of such a proposition is a sufficient refutation of it; and the only safe rule is, that the attempt is complete and punishable, when an act is done with intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption, or because there was nothing in the pocket, or for other extrinsic cause.

There is a class of cases, some of which have been cited, apparently similar to those stated, but clearly distinguishable from them, where a different decision has been made. Thus where, with intent to defraud, a writing was falsely made which could not by legal possibility defraud any one, it was holden that no offense had been committed, because a person could not be legally presumed to intend that which was legally impossible. And where an attempt was made to poison with an article believed to be poisonous, but which was in fact innoxious, and where an attempt was made to shoot a person with a pistol which was not in fact loaded, it was holden that no offense had been committed, because no act had been done which was intrinsically adapted to the then present successful perpetration of the crime. 1 Bishop Crim. Law, §§ 517, 518. Here the perpetration of the crime was legally possible, the persons in a situation to do it, the intent clear, and the act adapted to the successful perpetration of it; and

whether there was or was not property in the pocket was an extrinsic fact, not essential to constitute the attempt, and therefore one which it was not necessary to allege.

It appears from the motion for a new trial, that the counsel asked the court to charge that without proof of the name of the woman, and the fact that there was property in her pocket, the prisoners could not be convicted.

The prisoners were not entitled to such instruction. That which, from the nature of the case, can not be alleged, need not be ; and it is of frequent occurrence that the name of the person injured is unknown. Justice must not fail nor the community go unprotected for such cause. If the name is unknown, and it is so averred, it need not be proved ; and this is not a serious cause of complaint by the prisoner ; for if he can show, or it appears on the trial, that the name was in fact known, it is held that he is entitled to an acquittal. Arch. Cr. Pl., 33. And if the name is and remains unknown, it is too much for him to ask to go unpunished for that reason. Nor was it necessary to prove that there was property in the pocket. The offense as we have seen was complete, however that might be ; and therefore that fact was immaterial, and the averment surplusage.

We do not perceive any error in the charge of the judge. A conspiracy exists when two or more combine to do an unlawful act. The essence of the offense is the criminal combination, and no overt act is necessary to constitute it. But when, in pursuance of the combination, they attempt to do the particular act for which they combined, another offense is committed, viz., an attempt, which the former does not merge. The latter offense was alleged in the information and proved on the trial. The former was only important upon the question of intent, and the guilt of the prisoner who did not actually commit the principal act of attempt. The court did not tell the jury that if the prisoners conspired to rob the citizens of the state generally they might convict them ; but that if they found such combination, and also found that they had attempted to carry it into effect ; if Marsh had, pursuant to that object, thrust his hand into the pocket of the lady, and

Wilson was aiding and abetting, the verdict should be that they were guilty of the crime charged in the information. The import of the charge is, that if both had conspired to do that or similar acts, and in pursuance of such combination they attempted to do the particular act charged, they were guilty of that attempt. Thus construed it was correct and appropriate.

A new trial is not advised.

In this opinion the other judges concurred.

---

# SUPREME COURT OF ERRORS.

## WINDHAM COUNTY, MARCH TERM, 1862.

### Present,.

HINMAN, C. J., SANFORD, BUTLER AND DUTTON, JS.