## COMMONWEALTH *vs.* JUSTIN B. JACOBS.

An indictment may be sustained under *St.* 1863, *c.* 252, for soliciting a person to leave the Commonwealth for the purpose of enlisting in military service elsewhere, although such person was not fit to become a soldier.

In such indictment, it is not necessary to prove that the offence was committed on the same day charged.

INDICTMENT under *St.* 1863, *c.* 252, § 1,* charging that the defendant, on the 1st of January 1864, at Boston, " did unlawfully entice and solicit one Benjamin F. Darling of said Boston to leave the Commonwealth of Massachusetts for the purpose of entering upon and enlisting in the military service of the United States elsewhere, out of said commonwealth, to wit, in the State of New Hampshire," &c.

At the trial in the superior court, before *Vose*, J., evidence was introduced tending to support the indictment, and it also appeared that Darling offered to enlist in New Hampshire, but upon examination by the surgeon was rejected, and that he had previously offered to enlist in Boston, but had been rejected. The defendant requested the court to rule that the jury could not convict the defendant unless they were satisfied that he was competent to be a soldier, and that the offence was committed on or after the day charged in the indictment. The judge

---

* This section was as follows : " It shall not be lawful for any person within this commonwealth to recruit for or enlist in military service, or to procure persons to act as substitutes for drafted persons, except under the authority of the governor thereof, or of the government of the United States, nor to entice or solicit any person to leave the Commonwealth for the purpose of entering upon or enlisting, or offering themselves as substitutes for drafted persons in any military service elsewhere. Whoever offends against the provisions of this section shall be punished by fine not exceeding one thousand dollars, or imprisonment not exceeding six months." ·

declined so to rule, and the defendant, having been convicted, alleged exceptions.

*J. Nickerson,* for the defendant.

*Foster,* A. G., for the Commonwealth.

GRAY, J.   The *St.* of 1863, *c.* 91, required an actual enlisting of a person in the military service without authority of the national or the state government, to constitute a crime.   *Commonwealth* v. *White, ante,* 195.   But the *St.* of 1863, *c.* 252, besides reënacting the earlier statute, also made it criminal " to entice or solicit any person to leave the Commonwealth for the purpose of entering upon or enlisting, or offering themselves as substitutes for drafted persons in any military service elsewhere." The manifest object of the legislature in adding this provision was to avoid the difficulty of proving that the person solicited or enticed away had actually entered the military service, or offered himself as a substitute for a drafted person elsewhere ; and to make the act of enticing or soliciting in this commonwealth, with the prohibited purpose, a crime of itself, without regard to the fact whether that purpose was or could be in fact carried out.

Whenever the law makes one step towards the accomplishment of an unlawful object, with the intent or purpose of accomplishing it, criminal, a person taking that step, with that intent or purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that, by reason of some fact unknown to him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance.   Upon this principle, on an indictment under a statute against passing or disposing of forged bank notes with intent to defraud, it has been held no defence that those to whom the notes were passed knew them to be forged, and therefore could not be defrauded.  *Rex* v. *Holden,* Russ. & Ry. 154.   *Commonwealth* v. *Starr,* 4 Allen, 301.   So, a statute making it felony to administer poison or use any instrument " with intent to procure the miscarriage of any woman," extends to a case in which the woman is not pregnant.  *Regina* v. *Goodchild,* 2 Car. & Kirw. 293.   And under a statute for the

punishment of any one attempting to commit an offence, anc failing or being interrupted in its execution, an indictment for an attempt to steal from the person is not defeated by proof that he had nothing in his pocket. *Commonwealth* v. *McDonald*, 5 Cush. 365. *Rogers* v. *Commonwealth*, 5 S. & R. 464. *State* v. *Wilson*, 30 Conn. 505.

In the case before us, the indictment alleges, the evidence showed, and the jury have found, that the defendant enticed and solicited a citizen of this commonwealth to leave it for the purpose of enlisting elsewhere. The act of enticing him away and the unlawful purpose being alleged and proved, and there being no evidence that his unfitness for military service was manifest or known at the time of this unlawful act, the fact that he had previously been or afterwards was rejected by the military authorities did not diminish the defendant's crime, under the statute on which the indictment was framed.

There is nothing in the nature of this offence to take it out of the general rule, that the exact time need not be proved as laid in the indictment. *Exceptions overruled.*