STATE, PATRICK GREELEY, PROSECUTOR, v. THE CITY OF PASSAIC.

STATE, JOHN J. RYERSON, PROSECUTOR, v. THE CITY OF PASSAIC.

STATE, LOUISA FREDERICKS, PROSECUTOR, v. THE CITY OF PASSAIC.

1. A provision in the charter of city of Passaic directing prosecutions for the offence of selling malt liquor without license, to be had before any justice of the peace of the county of Passaic, gives cognizance to the justice as a special magistrate, and not as a court for the trial of small causes.

2. No appeal or trial by jury being given by the act, neither is a right of the defendant.

3. The complaint should aver that the defendant was at the time of the sale unlicensed, but such negative averment need not be proved by the plaintiff. It will be taken as true, unless the defendant prove the license, it being a fact peculiarly within his knowledge.

---

On *certiorari*.

The judgments brought up by these several writs were rendered against the prosecutors by justices of the peace in the county of Passaic, for penalties incurred through violations of an ordinance of the city of Passaic against the sale of ale and other malt liquors without license. The parties in each suit

were represented by the same counsel, and for convenience the cases were heard together, substantially the same questions being involved in each. The proceedings in the suit against Greeley were had before John B. Pudney, Esq., the other two cases before James A. Norton, Esq., justices of the peace of said county.

In 1873 the city of Passaic was incorporated by act approved April 2d of that year. *Pamph. L., p.* 484. Under the twenty-fourth section of the act, Subdivision 4, the city council was empowered to make and establish ordinances to license, regulate or prohibit restaurants and beer saloons; to fix the sum to be paid for licenses, and to regulate and prohibit all' traffic in the sale of intoxicating drinks in said city, except in the inns and taverns licensed by the courts of the county of Passaic. It was further provided in the twenty-sixth section of this act that " in all cases where power is given to the city council to pass ordinances on any subject, they may prescribe a penalty for the violation thereof, either by imprisonment, or by fine not exceeding fifty dollars, to be recovered, with costs, in an action of debt, in the name of the city of Passaic, for the use of said city, before any justice of the peace of said county." The action is to be in debt for the penalty; and provision is made for the enforcement of the judgment. Trial by jury is not therein provided for.

The ordinance alleged to have been violated ordains " that it shall not be lawful for any person or persons within the limits of the city of Passaic, except in the inns and taverns licensed by the courts of the county of Passaic, without a license first had and obtained in the manner prescribed by this ordinance, to keep a beer saloon, or to sell or expose for sale, or cause or knowingly permit to be sold or exposed for sale, in premises owned or controlled by him or them, either directly or indirectly, any ale, lager beer, porter, or any beverage of which malt liquors shall form the chief ingredient, under a penalty of fifty dollars for each and every offence."

The judgment in each case was rendered for a penalty of $50 and costs.

Argued at November Term, 1879, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutors, *A. K. Coddington.*

For the defendant, *James E. Stoutenburgh.*

The opinion of the court was delivered by

KNAPP, J.   The. first among the many reasons assigned for reversal of these judgments is, that the provision of the statute for enforcing the penalty, viz., " an action before any justice of the peace of the county of Passaic," contemplates a trial in a court for the trial of small causes, and that the defendants were entitled to a trial by jury, which, on their demand, was refused to them by the justice.   These actions were not brought in a court for the trial of small causes, nor does the act authorize a trial to be had in such court.   Jurisdiction was given to a justice of the peace as a special magistrate; and the legislature having failed to provide for trial by jury in such cases, it was not the right of the parties.   I am unable to distinguish these cases from *Johnson* v. *Barclay,* 1 *Harr.* 1; *McGear* v. *Woodruff,* 4 *Vroom* 213; *Howe* v. *Plainfield,* 8 *Vroom* 145; *Sparks* v. *Stokes,* 11 *Vroom* 487, in which cases this question has been thoroughly discussed and uniformly settled against the views of the defendant's counsel; and it is unnecessary to do more than merely cite them.   The fact that suit is permitted before any justice of the peace of the county, and not limited to justices of the peace in the city, does not distinguish these cases in principle from those cited.

The second point is, that the defendant was denied an appeal.   The answer is, that no appeal is given by the statute which authorizes the suit, and, as already stated, it is not a proceeding in the court for the trial of small causes.

The third reason is, that the plaintiff in the suits failed to give any evidence before the justice that the prosecutors were not licensed to keep an inn and tavern in the place where the malt liquor was alleged to have been sold.   The exception

respecting inns and taverns, found in the ordinance, which, in that respect, follows the statute, is one which, under established rules, is required to be averred in pleading, (*McGear* v. *Woodruff, supra; Robertson* v. *Lambertville,* 9 *Vroom* 69;) and such averment is found in the pleadings in these cases. The question raised is whether, as plaintiffs in *certiorari* contend, the burthen of proving this negative averment was upon the plaintiff below. The case of *Commonwealth* v. *Thurlow,* 24 *Pick.* 374, is referred to as authority for the affirmative of this proposition. This was an indictment for selling liquor without license, and the usual negative averment was found in the indictment. The verdict was set aside because the commonwealth had given no evidence that the defendant, at the time of the sale, was unlicensed. But I think the case does not follow the general rule as it has been understood and applied in this state.

Professor Greenleaf states the rule to be that "Where the subject matter of a negative averment is peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions, for a penalty for doing an act which the statutes do not permit to be done except by those who are duly licensed therefor, as for selling liquor," &c. *Roscoe Cr. Ev.* 8. The authorities referred to in the notes fully support the text, and many others are to be found. I need refer to but one or two. Justice Bayley, in *Rex* v. *Turner,* 5 *M. & Sel.* 206, uses this language: "I have always understood it to be the general rule, that if a negative averment be made by one party, which is peculiarly within the knowledge of the other, the party within whose knowledge it lies, and who asserts the affirmative, is to prove it, and not he who asserts the negative. So Justices Ellenborough and Holroyd, in the same case, declare the rule in terms of like import. To the same effect are *Jelfs* v. *Ballard,* 1 *B. & P.* 467; *Spieres* v. *Parker,* 1 *T. R.* 144; *Apothecary's Co.* v. *Bently, Ry. & M.* 159; *Morton* v. *Copeland,* 16 *C. B.* 517.

The case in 24 *Pick.* was a departure from this rule of evi-

dence. It was followed with reluctance in *Commonwealth* v. *Kimball*, 7 *Metc.* 304, and the next year was changed by statute. Under the common averment, in indictments for selling liquor, under our statute, that the sale was "without license for that purpose first had," the state has not been required to put in any proof on the subject. The averment is taken as true, unless the defendant proves, in defence, the granting to him of license. *Townley* ads. *State*, 3 *Harr*. 316. This reason is not sufficient to disturb the judgments.

The next reason which I shall refer to, applicable to all the cases, is, that there was no evidence of any sale of malt liquors by either of the prosecutors. The evidence against Patrick Greeley is not so clear and satisfactory as that against the other defendants; but, against him, I think it was sufficient to support the finding of the justice. It was unquestionably sufficient as to the others.

The objection that the proof did not support the charge of selling on the day named in the demand or complaint, has no validity; the variance between the averment of time and the proof is entirely immaterial.

Patrick Greeley and Louisa Fredericks had kept saloons in the city, under licenses which had expired. Applications for renewal of their licenses were pending at the time of the sales for which they were condemned by the judgments against them. They insist that, under these circumstances, these sales were not in violation of the ordinance. The penalty is incurred by a sale without license; and they certainly did incur that penalty, if they sold malt liquor after the expiration of the old license and before the granting of a new one; for this they were convicted. They were in the condition mentioned in the ordinance, viz., "without license," when the sales were made.

In the case of John I. Ryerson, a reason for reversal is presented not applicable to the others. It respects the rejection of testimony offered by him on the trial. The offer was a certificate of license to keep an inn and tavern in the house a part of which served as his saloon. But it was not a license

granted to him, but to another person. This certificate, standing alone, was irrelevant. It did not show him to be within the exception in the ordinance, and was no justification for his keeping a beer saloon there. It is said that he might have followed it up by other testimony, showing that he was the servant of the licensee; but he did not offer or propose to show it. To legalize the other testimony, it should have been accompanied by such offer; without it, it was clearly inadmissible, and its offer properly overruled by the justice. But the real purpose of the testimony was to support another claim of this prosecutor, which his counsel thought worth an argument, to wit, that such a license so covered and screened the building in which the inn and tavern was permitted, that it was withdrawn from the jurisdiction of the city and the operation of its ordinance, so that what would elsewhere be a violation of the ordinance, would not be so in any part of such building; in short, that a tavern license to any one made the building in which the tavern was authorized to be kept a refuge for unlicensed saloon keepers. This would make evasion of the law quite easy. A license protects the inn keeper to whom it is given, but will not shield any other who may set up a beer saloon in a part of the licensed building.

I have referred to all the reasons which seem to me necessary to notice, except the fourth. It is that the state of demand alleges a sale to persons unknown, while the proof is of sales to persons who were known at the time suit was brought.

Correct pleading requires that the names of third persons, if known or ascertainable at the commencement of the suit, should be stated in the complaint. If such names be unknown or not ascertainable, the requisite legal certainty will be observed by stating the parties to be unknown, but such averment is admissible only when the names are actually unknown, and by reasonable diligence cannot be ascertained. It is the right of the defendant to be informed of the particular charge against him, and if, under such latter form of pleading, it is discovered at the trial that the names were known

when suit was instituted, or could have been discovered by fair effort, the statement has been commonly held to be so far material as to work a fatal variance between averment and proof.

This rule seems to have been applied with much uniformity in all criminal proceedings, except when, by statute, such variance is declared immaterial or amendable; and these proceedings are so far analogous to criminal prosecutions as to be within the reason of the rule. In the case of *Robertson* v. *City of Lambertville*, 9 *Vroom* 69, which was a suit similar to those now under review, this analogy was recognized. Abundant authority for the rule, as applied to criminal actions, will be found in the cases referred to in the notes to *Arch. Crim. Prac. and Plead.*, *p.* 91, and *Whart. on Crim. Law*, § 251.

The proof made by the plaintiff of the sale of malt liquor in each of the cases was by the testimony of the parties who purchased. They were residents of the city, and appear to have been perfectly well known at the time of the trial; but no evidence whatever, so far as the cases show, was given by either party that they were known by any agent of the city charged with the conduct of these prosecutions, before or at the time suits were commenced; and there is no finding of the justice on the fact.

If it were unknown at that time who the parties were, the subsequent discovery of their names would be no ground for the discharge of the defendants.

The prosecutor was not bound to offer any evidence on the subject. *State* v. *Wilson*, 30 *Conn.* 500. The defendants, if they desired to avail themselves of this defence, should have raised the question before the justice, and proved such knowledge on the part of the plaintiff. The fact that the names of the third parties were known at the trial would have been evidence bearing upon the issue thus raised, but would not be proof of the earlier knowledge or want of diligence. It raises no presumption that such knowledge existed, or due diligence had not been exercised, when ignorance of the names was averred. The matter was not passed upon by the

justice, so far as appears by the return to the writs, nor does the point appear to have been raised at the trial; so that, admitting the rule invoked to exist here in all its force, the defendants have not sheltered themselves under it. It is clear that the defendants suffered no injury from the form of pleading adopted; the ground of objection is a purely technical one. And when we consider that the variance complained of would, in an indictment for a like offence, be amendable, under our statute, as a mere matter of form, it loses all right to serious consideration.

There is no error in the proceedings and judgments, and they are affirmed.