Boynton, C. J.
The judge presiding at the trial seems to have been of the opinion, that the averment of an intent to steal the personal effects or property of the owner of the building broken into, is not sustained, unless property belonging to such owner and which the accused intended to steal, was found within the building. The instruction, in effect, directed the acquittal of the defendant if no money was kept in the safe, although he believed money would there be found, and the breaking and entry were with the intent to steal it. In this we think the court erred. • Burglary, under the statute, involves the ingredients of breaking and entering the building, in the night, forcibly and maliciously, with intent to commit a felony, or with intent to steal property of some value. It differs but slightly from burglary at common law. 2 East P. C. 484. The offense is complete when the facts entering into the above definition exist, whether the intent is executed or not. It has been repeatedly held, and the rule is well established, that in an indictment for burglary, it is not necessary in alleging the intent to steal, to specify to whom the goods intended to be stolen belong. It was not required at common law, nor is it under the statute. Queen v. Nichols, 1 Cox C. C. 218 ; Reg. v. Lawes, 1 C. & P. 62; 2 Russ. on Cr. (9 Am. ed.) 44.
The breaking and entering with the felonious intent consti *111 tute the offense. It is true, that in the Queen v. Jenks, the trial of which is reported in 2 Leach, 4 ed. 774, the court held, upon review, that where a specific intent is laid to steal the goods of one, not the owner of the building, the intent must be proved as laid. 2 East P. C. 514; 2 Russ, on Cr. 44. The doctrine of this case has not met with universal approval, its correctness being denied by Mr. Bishop in 2 Bish. on Cr. Law, § 114, where it is asserted that if it appear that there were a breaking and entry with intent to steal, a conviction should follow, although the specific intent charged is not established by the proof. Whether the rule in Jenks’ case is correct or not, we need not stop to inquire, as the present case seems clearly distinguishable from it. The question here is, whether •the act of breaking and entering with intent to steal money from the safe of the owner of both the building and safe, in the belief that money was there, is reduced to a mere trespass from the circumstance that, contrary to the expectation of the defendant, no money was there found, coupled with the fact that the safe was not used as a place for its deposit. We think it was not. The offense was complete whether money was there deposited or not. The breaking and entering were with intent to steal the property of Houts. This brings the case within both the words and object of the statute. The public security was as much disturbed by the act committed, as if money had been actually found. The offense is one against the security of property, and the failure to execute the intent was the result only of an unforeseen and unexpected circum■stance. Where a statute makes an assault upon a person with intent to steal from his pocket, a criminal offense, it is no answer to an indictment charging 'such offense that nothing was found in the pocket. It has been repeatedly held, that where the hand is thrust into the pocket with intent to steal what may there be found, the offense is complete whether anything be found or not. State v. Wilson, 30 Conn., 500 ; Hamilton v. State, 36 Ind., 280 ; Commonwealth v. Jacobs, 9 Allen, 274; 1 Bish. Cr. Law, § 743, et seq.
A distinction seems to prevail, in the English cases, between an attempt to commit a felony and an act done with intent *112 to commit it. In The Queen v. Goodall, 2 Cox C. C. 41, the accused was indicted for using an instrument upon the body of Catharine Snowden with intent to procure a miscarriage. The statute declared that whosoever, with intent to procure the miscarriage of any woman, shall . . . unlawfully use any instrument, &e., . . shall be guilty of felony. It appeared from the evidence that the instrument was used with the intent laid in the indictment; but the medical witnesses stated, from the result of a post mortem examination, that Catharine Snowden was not pregnant at the time the instrument was used. Upon reservation of the question for the consideration of the judges, it was held immaterial whether the woman was, in fact, pregnant or not. In McPherson’s case, it was held that, where a statute makes it an offense to attempt to commit a felony, the attempt must be to do that which, if successful, would have constituted or resulted in a felony, and consequently, that, where the attempt-charged was to steal certain goods from a dwelling-house, no conviction could be had, it appearing that the goods had been previously stolen by some one else. Dearsley & Bell, 197. Cookburn, C. J., in delivering the 0]únion, however, remarked, that “ attempting to commit a felony is clearly distinguishable from intending to commit it.”
That this distinction is not supported by the American cases is asserted by both Mr. Bishop (1 Bishop Cr. Law, § 742) and by Mr. Wharton (1 Wharton Cr. Law, § 18G). See Holmes on Common Law, 09. In the present case it is not necessary to examine the ground on which the distinction is said to rest. We are of the opinion that the breaking and entering the warehouse of the prosecutor, as alleged, with intent to steal money supposed to be in the safe within the building, was burglary, notwithstanding the fact that no money was there found or kept. The failure to accomplish the result contemplated was wholly independent of the defendant’s will, and did not in the least mitigate the turpitude of the offense.
The statute was designed to afford security against a breaking and entering with intent to steal, and when the act and intent concur, the statute is none the less violated, because *113 through some unforeseen circumstance the criminal enterprise proves unsuccessful in its result.

Exceptions sustained.