[No. 9845.   Department Two.   January 30, 1912.]

## The State of Washington, *Respondent*, v. Harry Barr et al., *Appellants*.[1]

Extortion—Elements of Offense—Extortion by Threats. The defendants are guilty of extortion by threats, where they accused the prosecuting witness of adultery and demanded the payment of money as satisfaction, which he at first refused, although they later enforced their demands by violence.

Same—Value of Property—Check Without Cash Value. Under Rem. & Bal. Code, § 2610, defining extortion of money or property by threats or accusation of crime, and § 2303, providing that the word "property" shall include all instruments or writings completed and ready to be delivered by which any right is or purports to be evidenced or created, one may be guilty of extorting a check, although it had no actual cash value from the fact that it would not have been cashed; as the claim which might have been made thereon imported value.

Appeal from a judgment of the superior court for King county, Main, J., entered July 3, 1911, upon a trial and conviction of extortion. Affirmed.

*McBurney & Cummings, H. McC. Billingsley,* and *Holzheimer & Herald,* for appellants.

*John F. Murphy, Alfred H. Lundin,* and *Reah M. Whitehead,* for respondent.

Mount, J.—The defendants were convicted of the crime of extortion. They have appealed from the sentence which followed.

The information charged them as follows:

"They, said Harry Barr, alias Harry Emmett, May Barr, and Harry H. Carroll, and each of them, in the county of King, state of Washington, on the 27th day of January, A. D. 1911, then and there wilfully, unlawfully, and feloniously did verbally threaten one John C. Robey, to accuse said John C. Robey of having committed the crime of adultery

[1]Reported in 120 Pac. 509.

with one May Barr, a married woman, and not the wife of said John C. Robey, and by means of such threat, the said Harry Barr alias Harry Emmett, May Barr and Harry H. Carroll, and each of them, did then and there wilfully, unlawfully and feloniously extort from said John C. Robey certain property, to wit, a bank check in the words and figures following:

" 'Seattle, Washington, January 27th, 1911. No. 119.
" 'The National Bank of Commerce (T-3)
" 'United States Depositary.
" 'Pay to the order of Cash——$250.00 Two Hundred and Fifty Dollars.
" 'John C. Robey, Mgr. Golden West Bk. Co.'
said bank check being then and there of the value of two hundred and fifty dollars ($250.00) in lawful money of the United States and the property of said John C. Robey."

It is argued, first, that the court erred in not directing a verdict of acquittal at the close of the state's evidence, for the reason that the prosecuting witness signed the check through fear of personal violence, and not through fear of the threat to accuse him of the crime of adultery. The facts are substantially admitted. It is needless for us to set them out as testified by the prosecuting witness, further than to say that the defendants all accused the witness of the crime of adultery, and for that reason demanded that he pay them money. He at first refused, but after maltreatment and being held a prisoner in the defendants' room, he yielded to their demands and executed a check as alleged in the information. It is apparent that the primary cause of the issuance of the check was the wrongful accusation. The defendants did not try to rob him by violence. They accused him of a crime, and demanded money as satisfaction therefor. They enforced their demands by violence, but this did not change the real character of the demand, which was to extort money by reason of the accusation.

Referring to the other point sought to be made by the appellants, the defendants called as a witness the cashier of the bank upon which the check was drawn. This witness

testified that he would not have cashed the check because of the apparent irregularity of the signature. The check was not presented for payment. Defendants were arrested before they had an opportunity to do so. The trial court struck out the evidence to the effect that the cashier would not have cashed the check. It is now argued that this was error, and shows that the check obtained was of no value, and for that reason the case should have been dismissed. The statute provides as follows:

"Every person, who, under circumstances not amounting to robbery, shall extort or gain any money, property or advantage, or shall induce or compel another to make, subscribe, execute, alter or destroy any valuable security or instrument of writing affecting or intending to affect any cause of action or defense, or any property, by means of force or any threat, either—

"(1)    To accuse any person of a crime . . . Shall be guilty of extortion," etc. Rem. & Bal. Code, § 2610.

Section 2303 provides:

"In construing the provisions of this act, save when otherwise plainly declared or clearly apparent from the context, the following rules shall be observed: . . .

"(9)    The word 'property' shall include both real and personal property . . .

"(11)    The term 'personal property' shall include . . . all instruments or writings completed and ready to be delivered or issued by the maker, whether actually delivered or issued or not, by which any claim, privilege, right, obligation or authority, or any right or title to property real or personal, is, or purports to be, or upon the happening of some future event may be evidenced, created, acknowledged, transferred, increased, diminished, encumbered, defeated, discharged, or affected, and every right and interest therein."

It is apparent that the statute above quoted does not require that the property thus obtained shall have actual cash value. The fact that the property obtained was a check or writing by which a claim against the bank or the drawer could have been made, or a right charged or affected by an

endorsee or holder, imported value, and therefore was suffi-
cient under the statute.

We are satisfied that the court did not err in striking this
evidence, or in refusing to dismiss the case. The judgment
is therefore affirmed.

DUNBAR, C. J., FULLERTON, MORRIS, and ELLIS, JJ.,
concur.