[Crim. No. 2023. Second Appellate District, Division One.—June 30, 1931.]

THE PEOPLE, Respondent, v. MORRIS LAVINE et al., Appellants.

290

Paul W. Schenck, Rush & Beirne and William B. Beirne for Appellants.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Respondent.

CONREY, P. J.—By indictment presented on the thirteenth day of March, 1930, the defendants were accused of the crime of extortion, in violation of section 518 of the Penal Code, committed as follows: It was charged that on or about March 10, 1930, the defendants did wilfully, unlawfully and feloniously obtain certain personal property, to wit, $75,000, of currency, etc., from one Charles H. Crawford, and three other persons named, and other persons to the grand jury unknown, with the consent of said persons; which said consent was then and there induced by the wrongful use of force and fear by and on the part of said defendants, to wit, by a threat then and there made and communicated to said four above-named persons and other persons, verbally by said defendants, to expose certain secrets affecting said named persons, and other persons to the grand jury unknown, and each of them; said personal property in money being then and there the property of Charles H. Crawford, etc. The appearances and pleadings of the defendants in the trial court, and likewise in this court, are distinctly separate and apart one from the other. There have been two trials of the action, the first trial having resulted in a disagreement and discharge of the jury. On July 4, 1930, the second trial was concluded by separate verdicts whereby each defendant was found "guilty of attempted extortion, a felony, being an attempt to commit the crime of extortion, a felony, as charged in the indictment." The appeals of the defendants are from the several judgments and from the orders denying their motions for a new trial of the action.

*Point one* (Lavine brief), is that subdivision 4 of section 519 of the Penal Code, which forms the only basis for the prosecution and constitutes the charging part of the indictment, is void for such uncertainty and indefiniteness that it is unintelligible. *Point two* is stated as follows: That the indictment embodying the language of section 519, subdivision 4, of the Penal Code, and nothing more, is insufficient to sustain a conviction.

The crime of extortion is defined by section 518 of the Penal Code as follows: "Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right." Section 519 of the Penal Code reads as follows: "*What threats may constitute extortion.* Fear, such as will constitute extortion, may be induced by a threat, either:

"1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or member of his family; or,

"2. To accuse him, or any relative of his, or member of his family, or of any crime; or,

"3. To expose, or impute to him or them any deformity or disgrace; or,

"4. To expose any secret affecting him or them."

Comparing the indictment with the foregoing provisions of the Penal Code, it appears that the defendants were charged with the crime of extortion committed by threatening to expose "certain secrets" affecting the named or described persons. In other words, the charge is that the crime was committed by means of threats of the kind described in subdivision 4 of said section 519. *Point two* rests upon the further claim that the indictment did not conform to other provisions concerning indictments as found in sections 952 and 957 of the Penal Code. It is provided in section 950 that an indictment must contain, besides the title, etc., "2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Section 951, as amended in 1927 (Stats. 1927, p. 1043), provides that an indictment or information "may be in substantially the following form:" The form prescribed requires that the indictment shall accuse the defendant of the crime (giving the name thereof), in that on or about a stated day

and within the named county the defendant "(here insert statement of act or omission, as for example, 'murdered C. D.')". Section 952, as amended in 1929 (Stats. 1929, p. 303), reads as follows: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property or another." Section 959, as amended in the year 1927 (Stats. 1927, p. 1041), provides that the indictment "is sufficient if it can be understood therefrom:" (Here follows five subdivisions, which relate to certain formalities of averment, none of which touch the matter of description or name of the crime, or statement of the acts by means of which the offense was committed.) The amendment of the section in the year 1927 consisted of the omission of two subdivisions which in substance are covered by the second subdivision of section 950 and by section 960. It is provided by section 960, as amended in 1927 (Stats. 1927, p. 1065), that "No indictment, information, or complaint is insufficient nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."

In this action each of the defendants demurred to the indictment upon various grounds, which include the objections which are before us for consideration at this time. The demurrers having been overruled, defendants entered their pleas of not guilty. On May 10, 1930, a mistrial having been declared and the jury discharged, the cause came on for the second trial on June 23, 1930. Defendant Lavine moved for a continuance, which was denied. Defendant Johnson moved for severance, which was denied. Defendants entered pleas of "former acquittal" and "once in jeopardy". Each defendant objected to the jurisdiction of the

court, which objections were overruled. Each defendant objected to the introduction of any testimony, and these objections were overruled. The objections of defendant Johnson to the introduction of any evidence were made on the following grounds: ''First, that the court is without jurisdiction to try the case on the ground that the statute on which the information is founded, is unconstitutional; second, that the defendant Johnson has been once acquitted on the charge set forth in the indictment; third, that the defendant Johnson has been once in jeopardy of the crime charged in the indictment; fourth, that there is an appeal pending in the District Court of Appeal of the state of California on behalf of the defendant Lavine and that this court is without jurisdiction to try the defendant Johnson jointly with the defendant Lavine because of the fact that appeal is pending. I further object to the introduction of any evidence in this case upon the ground that the indictment does not state facts sufficient to constitute a public offense.'' Defendant Lavine made the same motions, based on the same grounds as those above stated. The objections were overruled and the case proceeded to trial. We find no argument made relating to the so-called appeal of Lavine, which apparently was an attempt to appeal from a non-appealable order.

In relation to *point one, supra,* we are of the opinion that the provisions of section 519, subdivision 4 of the Penal Code, are not so far uncertain or indefinite as to impair their validity. General terms may be used in a statute to describe things according to the common understanding of such terms. The word ''secret'' as used in section 519, in connection with the other words and phrases of the section, is definitely clear in its meaning. By reasonable construction it thus appears that the thing held secret must be unknown to the general public, or to some particular part thereof which might be interested in obtaining knowledge of the secret; the secret must concern some matter of fact, relating to things past, present or future; the secret must affect the threatened person in some way so far unfavorable to the reputation or to some other interest of the threatened person, that threatened exposure thereof would be likely to induce him through fear to pay out money or property for the purpose of avoiding the exposure.

■ In relation to *point two,* we are of the opinion that the indictment, charging the offense in the terms which we have described in the first paragraph hereof, is sufficient to constitute a charge of commission of the crime of extortion. The language used in the indictment was reasonably sufficient to give the defendants notice of the offense of which they were accused.

■ *Point three* (Lavine brief) is that defendants could not legally be found guilty of ''attempted extortion'' when the charge was laid exclusively under section 518 of the Penal Code, relating to the crime of extortion. There are provisions of the Penal Code dealing generally with the subject of attempts to commit crimes. There are also provisions dealing with attempts to commit particular kinds of crimes. Section 664 reads in part as follows: *''Attempts to commit crimes, how punishable.* Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:

''1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon conviction of the offense so attempted; . . . '' The penalty for committing the crime of extortion by means of any threat such as is mentioned in section 519, is made punishable by imprisonment in the state prison not exceeding five years. (Pen. Code, sec. 520.)

But since there are provisions made by law for the punishment of the crime of attempting to commit extortion, it follows that the provisions of section 664 have no application in the case now before us. Section 524 of the Penal Code, as amended in 1929, reads as follows: *''Attempts to extort money or property by means of threats.* Every person who attempts, by means of any threat, such as is specified in section 519 of this code, to extort money or other property from another is punishable by imprisonment in the county jail not longer than one year or in the state prison not exceeding five years, or by fine not exceeding five thousand

dollars, or by both such fine and imprisonment.'' (Stats. 1929, p. 435.) ▆▆▆ Comparing section 520 with the amended section 524, we have the curious instance of a penalty provided for the mere attempt to commit a crime, which penalty may be more severe than the extreme limit of penalty for successful commission of the crime itself. Under the provisions of section 524, as it existed prior to the amendment of 1929, the same description of attempted extortion was punishable only as a misdemeanor. This recent legislation amending section 524 lends some force to the contention of appellants that the crime of attempted extortion is not included within an indictment charging the completed crime of extortion, and that therefore an indictment charging extortion will not support a verdict of guilty of attempted extortion. There is, however, another section of the Penal Code which destroys the force of such contention. Section 1159 of the Penal Code reads as follows: *''Jury may convict of a lesser offense or of an attempt.* The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.'' In substance the argument of appellants is that section 1159 was not intended to authorize conviction of a greater crime under an indictment charging a lesser crime; that when tested by the present provisions of section 524, as compared with section 520, the crime of attempted extortion has become a greater crime than would be the crime of successful extortion. Nevertheless, we think that this piece of logic does not cover the subject completely. The plain meaning of section 1159 is emphasized by the headnote thereof, which can mean nothing other than that the right of the jury to find a defendant guilty of attempt to commit the crime charged, does not depend upon any construction of the phrase ''lesser offense.'' (As to the persuasive force of such headnotes, see 23 Cal. Jur., p. 772, and cases cited.) We conclude that the jury was authorized to find the defendant guilty of attempt to commit the crime of extortion, although the indictment charged extortion without any further words of reference to attempted extortion.

▆▆▆ *Point four* (Lavine brief) relates to the action of the court in advising the jury to find for the People on the pleas of ''prior acquittal'' and ''once in jeopardy''. Since

there was not before the jury any evidence in support of those pleas, there could be no error in the jury's verdict, or in the advice from the court relating thereto. ■ The real contention underlying point four is that the court erred in excluding evidence offered by the defendants to support their special pleas. Hereinafter we have indicated the proceedings which took place at the first trial of the action, at which time the jury having failed to agree upon a verdict was discharged. The pleas of "former acquittal" and "once in jeopardy" are entirely based upon conditions arising out of the fact that at the first trial the case was submitted to the jury on the theory of a prosecution for attempted extortion, and not as a case of extortion. In other words, defendants claim that the charge of extortion was abandoned by the prosecution, and that the discharge of the jury without a verdict after the case had been thus submitted to them, in effect amounted to an acquittal of the main charge of extortion. It must be held in mind, however, that at all times the charge against the defendants, as set forth in the indictment, was a charge of extortion. It was only by virtue of this charge, supplemented by the provisions of the Penal Code (sec. 1159 in particular), that any verdict of attempted extortion could have been rendered in this action. We think that there is no valid reason for asserting that this cause could not lawfully proceed to a second trial under the same indictment. We are further of the opinion that at such trial the said pleas of "former acquittal" and "once in jeopardy", were entirely without foundation.

■ *Point five* (Lavine brief) is that the evidence is insufficient to sustain the verdict, "and herein insufficient corroboration". The argument in support of this claim does not give us a direct statement of the particulars in which the evidence is insufficient. In a general way, however, we gather from the statements of counsel that they are insisting that the evidence does not show what the secret was which the defendants were threatening to expose; and that the evidence of the witness Berman was not corroborated as required by law. It is conceded, however, that if Berman was merely a feigned accomplice "working out of the district attorney's office" he did not need to be corroborated as required by section 1111 of the Penal Code. In that connection they submit to the court, "that this man and his

career of crime is so well known in this community that no one, not being a congenital idiot, would believe anything he said under oath or otherwise''. Unfortunately for the contention of counsel it happens that the jury, if it chose to believe any statements of Mr. Berman, acted within the scope of its rights and powers. We are further of the opinion that the evidence concerning the nature or description of the secrets involved in the threats by the defendants, was sufficiently definite and certain to support the verdict as rendered.

 Under the head of ''divers and sundry rulings'' depriving defendants of a fair trial, we find the appellants claim that the court erred as to each of them, in denying their applications for severance of their trials; that the court erred in admitting and in refusing to strike out certain evidence relating to accusatory statements made in the presence of defendant Lavine. We find neither abuse of discretion nor error in these rulings of the court.

 It is contended by defendant Lavine that the court erred in refusing to give to the jury certain requested instructions quoted on pages 132, 135 and 136 of his brief. (The instructions have not been numbered, as they should have been, in the transcript.) In the instructions given by the court to the jury they were informed, among other things, that in order to constitute the crime of attempt to commit the crime of extortion alleged in the indictment, as to each defendant it was incumbent upon the prosecution to prove to the satisfaction of the jury and beyond a reasonable doubt, each of certain described elements. These elements as stated in the instructions (Clerk's Trans., p. 95) are definitely confined and limited to an intention and attempt to extort money or other valuable property from the person threatened, by means of a threat to expose a secret affecting the person threatened, or affecting a relative, or member of his family. In relation to circumstantial evidence the court instructed the jury as follows: ''If the evidence relating to any circumstance in this case is, in view of all the evidence, reasonably susceptible of two interpretations, one of which would point to the guilt of the defendant and the other of which would admit of innocence, then it is your duty in considering such evidence to adopt that interpretation which will admit of defendant's innocence and reject

that which would point to guilt." We are satisfied that the instructions given to the jury very fully and fairly stated the law of the case; and particularly that they sufficiently covered the matters included in the said requested instructions, in so far as said requested instructions were correct in their statements of the law.

On reading the brief filed on behalf of appellant Johnson, we find that the assignments of error, although framed in different language, are in their substance, and in their principal elements, the same points relied upon by her co-defendant. As to the propositions thus duplicated in the briefs we have endeavored to give them appropriate attention in the foregoing paragraphs.

Appellant Johnson further contends that the court erred in instructing the jury that in attempted extortion the crime depends upon the acts, mind and intent of the person threatening and not upon the effect or result upon the person to be coerced; and in instructing the jury that in the crime of attempted extortion a person may be guilty of an attempt to commit the crime of extortion though he does not, as he intends, produce fear on the part of the person from whom he attempts to extort money. We think that there was no error in the giving of these instructions. In the case entitled *In re Magidson*, 32 Cal. App. 566 [163 Pac. 689, 690], the court had under consideration certain evidence relating to a charge of attempt to receive stolen property. In holding that the evidence was sufficient to establish probable cause for the order of commitment, the court said: "There certainly existed the two elements of an attempt, namely the *intent* to commit the crime and a direct ineffectual *act* done toward its commission. The case falls within the spirit and reasoning of the appellate decisions in this state." The rule thus stated was applied to evidence which showed that notwithstanding the criminal intent, the actual circumstances were such that the attempt could not possibly have succeeded, since the stolen property which the accused sought to remove had been previously discovered and removed by the police. The court reviewed extensively earlier decisions of the Supreme Court and Courts of Appeal of this state, as well as decisions of other states bearing upon the subject.

In *People* v. *Gardner*, 114 N. Y. 119 [43 Am. St. Rep. 741, 28 L. R. A. 699, 38 N. E. 1003], where a defendant was convicted of an attempt to commit the crime of extortion, it was held that the acts proved were plainly sufficient to constitute an attempt to commit the crime of extortion, although in fact the defendant did not succeed in inspiring any fear in the mind of the threatened person. The court said: "The condition of Mrs. Amos' mind was unknown to the defendant. If it had been such as he supposed the crime could have been and probably would have been consummated. His guilt was just as great as if he had actually succeeded in his purpose. His wicked motive was the same, and he had brought himself fully and precisely within the letter and policy of the law. This crime as defined in the statute depends upon the mind and intent of the wrongdoer, and not on the effect or result upon the person sought to be coerced." We think that the foregoing is a correct statement of the law which should apply here. We are further of the opinion that the conviction of the defendants is based upon a record which is free from prejudicial error.

The judgments and also the orders denying motions for new trial, from which the defendants have appealed, are and each of them is affirmed.

Houser, J., concurred.

York, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1931.

Shenk, J., and Curtis, J., dissented.