[Crim. No. 3235. Second Appellate District, Division Two.—September 20, 1939.]

THE PEOPLE, Appellant, v. BEN PEPPERCORN et al., Respondents.

Earl Warren, Attorney-General, and Frank Richards, Deputy Attorney-General, for Appellant.

Julian H. Weiss and Henry Haves for Respondents.

WOOD, Acting P. J.—This is an appeal by the People from an order of the superior court sustaining the demurrers to the second amended indictment. Twelve counts are set forth in the indictment. In count I defendants are charged with the crime of conspiracy to violate section 518 of the Penal Code, in each of counts II to XI, inclusive, the defendants are charged with the crime of extortion and in count XII they are charged with attempted extortion.

In count I it is charged that defendants "did wilfully, unlawfully and feloniously conspire, combine, confederate and agree together and with divers other persons, whose true names are to the Grand Jury unknown, to obtain the property of other persons; namely, W. L. Keen, Golden State Tailor Service, a corporation, Samuel Schein, Edward Nober, Martin Reisner, Pacific Coast Clothing Co. Inc., a corporation, D. M. Levine, H. S. Salina, Steven Fusco, Paramount

Tailors Inc., a corporation, Rose Liotta, Anthony Biley, Marblestones Inc., a corporation, J. Auster, and other persons whose true names are to the Grand Jury unknown; with the consent of the above mentioned persons, other than said conspirators, which was induced by the wrongful use of force and fear by then and there wilfully and feloniously threatening said persons other than said conspirators that unless they did then and there pay over and deliver to Local 278 of the Amalgamated Clothing Workers of America and the defendants herein, the sum of Three Hundred Dollars ($300.00) or did then and there pay over to a proposed employers' association; which said proposed employers' association was being formed at the instigation and demand of the defendants herein and was the agent of the defendants herein; for the benefit of these defendants and Local 278 of the Amalgamated Clothing Workers of America, the sum of One Hundred Fifty Dollars ($150.00), that the aforesaid defendants and conspirators would do an unlawful injury to the persons and property of said persons above mentioned other than the defendants and conspirators herein, by then and there causing bodily harm to come to said persons and also by then and there causing injury and damage to be inflicted upon the property of said persons above mentioned, other than the defendants and conspirators herein.''

The rights of workmen to strike and to negotiate with employers for the purpose of averting a strike are not involved in this prosecution. It is conceded by the attorney-general that if the indictment contained nothing more than averments showing a labor dispute in which employers were required, in order to avert a strike, to enter into a contract with an association or proposed association and to deposit a cash bond to secure the performance of their agreements, a public offense would not be alleged. But such averments are not the only ones contained in the indictment, for it is charged that defendants threatened that unless the cash deposit or bond be given they would do an unlawful injury to the parties named in the indictment by ''causing bodily harm to come to said persons and also to then and there cause injury and damage to be inflicted'' upon their property. The rights of workmen to strike and to negotiate with employers for the purpose of averting strikes are uni-

versally recognized but in exercising these rights they may not violate the provisions of the Penal Code.

The charge contained in count I is conspiracy to commit the crime known as extortion, which is defined in section 518 of the Penal Code as follows: "Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right." It is provided in section 519: "Fear, such as will constitute extortion, may be induced by a threat, either: 1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or member of his family;" It is clearly set forth in the indictment that defendants conspired to commit extortion by threatening to do an unlawful injury which is specifically alleged to be the causing of bodily harm to others and injury to their property.

Manifestly it is an unlawful injury to cause bodily harm to others and to inflict damage upon their property. Defendants place reliance upon the case of *People* v. *Schmitz*, 7 Cal. App. 330 [94 Pac. 407, 15 L. R. A. (N. S.) 717], but that case is easily distinguishable from the one now before us. In the Schmitz case, although the indictment used the words "unlawful injury", facts were set forth showing that the injury threatened was not in fact unlawful. In the case under review the facts set forth in the indictment show the injuries threatened to have been unlawful.

It was not necessary for the prosecution to set forth in the indictment the express manner in which bodily harm and damage to property was to be brought about by defendants. It was held in *People* v. *Sanders*, 188 Cal. 744, 749 [207 Pac. 380], that a distinction is to be drawn between indictments which directly charge a defendant with a crime and those indictments which charge extortion through threats. In that case the defendant was charged with extortion by threatening to accuse the complainant of a crime, and in ruling that the exact crime threatened need not be set forth in the indictment the court said: "In the latter class of cases no such technical accusation is required as in the former, for several obvious reasons, some of which are that the indictment or information cannot go beyond the terms of the threatened accusations and the accusations need only be such as to put the intended victim of the extortion in fear of being accused

of some crime. The more vague and general the terms of the accusation the better it would subserve the purpose of the accuser in magnifying the fears of his victim, and the better also it would serve to protect him in the event of the failure to accomplish his extortion and of a prosecution for his attempted crime.'' In *People* v. *Lavine*, 115 Cal. App. 289, 292 [1 Pac. (2d) 496], the defendant was charged in the indictment with the crime of extortion in that he obtained the sum of $75,000 by threatening "to expose certain secrets" concerning four persons named in the indictment. The indictment was held sufficient.

In count II of the indictment it is charged that defendants "did wilfully, unlawfully and feloniously and by the wrongful use of force and fear, obtain a check for the sum of One Hundred Fifty Dollars ($150.00) from one W. L. Keen and the Golden State Tailor Service, a corporation, by then and there wilfully and feloniously threatening the said W. L. Keen that unless he, the said W. L. Keen, did then and there pay over and deliver to a proposed employers' association; which said proposed employers' association was being formed at the instigation and request of the defendants herein and was the agent of the defendants herein; for the benefit of the defendants herein and Local 278 of the Amalgamated Clothing Workers of America, the said check for One Hundred Fifty Dollars ($150.00), the aforesaid defendants would then and there do an unlawful injury to the person and property of the said W. L. Keen and the Golden State Tailor Service, a corporation, by then and there causing bodily harm to come to the said W. L. Keen, and also by then and there and thereafter causing injury and damage to be unlawfully inflicted upon the property of the said W. L. Keen and the said Golden State Tailor Service, a corporation, and the said W. L. Keen by reason of the threats so made and communicated to him, as aforesaid, by said defendants then and there was induced by fear to, and did make, execute and deliver to proposed employers' association, for the benefit of the defendants herein and Local 278 of the Amalgamated Clothing Workers of America, a check for the sum of One Hundred Fifty Dollars ($150.00) drawn upon a bank within the City of Los Angeles, State of California, and there were at said time and place sufficient funds within said bank to pay the check upon presentation thereat for pay-

ment." Counts III to XI, inclusive, are similar except that in each of these counts a different party is named as having delivered a check for $150.

The contention of defendants that counts II to XI are fatally defective because of the allegation that the checks were delivered to a proposed employers' association for the benefit of defendants, cannot be sustained. Section 522 of the Penal Code is as follows: "Every person who, by any extortionate means, obtains from another his signature to any paper or instrument, whereby, if such signature were freely given, any property would be transferred, or any debt, demand, charge, or right of action created, is punishable in the same manner as if the actual delivery of such debt, demand, charge, or right of action were obtained." It is apparent that the indictment contains allegations that the signatures were obtained by extortionate means to checks which if freely given would result in the transfer of property to the association being formed for the benefit of defendants. Upon the formation of the association the payment of the checks, if freely given, could be enforced. In *State* v. *Barr*, 67 Wash. 87 [120 Pac. 509], a check was delivered through extortionate means but the defendants were arrested before they had an opportunity to present it for payment. The cashier of the bank on which the check was drawn testified that he would not have cashed the check because of the apparent irregularity of the signature. In sustaining the ruling of the trial court striking out the testimony of the cashier the reviewing court held: "It is apparent that the statute above quoted does not require that the property thus obtained shall have actual cash value. The fact that the property obtained was a check or writing, by which a claim against the bank or the drawer could have been made, or a right charged or affected by an indorsee or holder, imported value, and therefore was sufficient under the statute."

The reasons above set forth are applicable to the issues presented by the demurrers to count XII, in which the charge is attempted extortion.

The orders appealed from are reversed and the superior court is directed to overrule the demurrers.

McComb, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1939.