[Crim. No. 3510.   Second Dist., Div. One.   Jan. 26, 1942.]

THE PEOPLE, Appellant, v. LOUIS BOLANOS, Respondent.

Earl Warren, Attorney General, R. S. McLaughlin, Deputy Attorney General, John F. Dockweiler, District Attorney, Jere J. Sullivan, Deputy District Attorney, and Alexander H. Van Cott for Appellant.

George Stahlman and Harry Duckett for Respondent.

YORK, P. J.—This is an appeal by the People from a judgment in favor of respondent Louis Bolanos rendered after his demurrer had been sustained to an amended indictment found and presented by the Los Angeles County Grand Jury on July 16, 1941, accusing respondent of having committed the crime of attempted extortion, to-wit:

"That on or about the 20th day of June, 1941 . . . said defendant, Louis Bolanos, did willfully, unlawfully, feloniously, and by wrongful use of force and fear, attempt to obtain the sum of Two Thousand Dollars ($2000) . . . from one Mrs. E. P. Wood, as follows, to-wit:

"The said Louis Bolanos, who was then and there an organizer and business agent of a labor union, did then and there willfully, unlawfully and feloniously threaten the said Mrs. E. P. Wood, who was then and there the sole stockholder and owner of the Table Linen Supply Co., a corporation, that the said defendant, Louis Bolanos, would, as the organizer and business agent of said labor union, cause and promote unrest, discord, dissatisfaction, strife, trouble, and labor strikes, among the employees of said Mrs. E. P. Wood and said Table Linen Supply Co., and that, by reason thereof, he would disrupt and destroy the business and property of the said Mrs. E. P. Wood and said Table Linen Supply Co., and thereby prevent the rendering of service to customers thereof, and thereby destroy the value of the plant, business and property of said Mrs. E. P. Wood and said Table Linen Supply Co., all of which the said defendant, Louis Bolanos, did then and there willfully, unlawfully, feloniously, and by wrongful use of force and fear, threaten unless the said Mrs. E. P. Wood paid over to him, the said defendant, the sum of Two Thousand Dollars ($2000) for his own personal use and benefit;

"That said defendant, Louis Bolanos, at the time when he made the said threats . . . did not intend to call or cause the calling of any strike, legal or otherwise, or to . . . organize in a labor union . . . all or any of said employees, or to perform or promote any service or activity on behalf of said employees or on behalf of the labor union for which he . . . was then an organizer and business agent . . . or any of them, but, on the contrary, said defendant did intend to and did willfully, unlawfully, corruptly and feloniously, then and there threaten that he . . . would then and thereafter do said unlawful injury to the property of the said Mrs. E. P. Wood

and said Table Linen Supply Co. . . . for the purpose of obtaining and extorting money and property from the said Mrs. E. P. Wood by means of fear induced by said wrongful threats as aforesaid, and for the personal use and benefit of him, the said defendant."

The demurrer to said amended indictment was made upon the following grounds:

"I. That said amended indictment does not substantially conform to the requirements of Sections 950-951-952 of the Penal Code . . . in that:

"A. Said amended indictment does not contain a statement of the acts constituting the offense in ordinary and concise language in such manner as to enable this defendant, who is a person of common understanding, to know what is intended thereby.

"B. That said amended indictment purports to charge one offense, to-wit, that of attempted extortion, a felony. That said amended indictment in attempting to charge said above described offense does not do so in the words of the enactment describing the offense or declaring the matter to be a public offense, and it does not do so in any words sufficient to give the accused notice of the offense of which he is accused.

"II. That said amended indictment is uncertain, indefinite and ambiguous. . . .

"III. That the facts stated in said amended indictment do not constitute a public offense in that it is not made to appear by the charging part (thereof) by any allegation whatsoever, that the defendant threatened to do any unlawful injury to the person or property of said Mrs. E. P. Wood or the Table Linen Supply Company, or any relative of said Mrs. E. P. Wood or member of her family."

Section 518 of the Penal Code defines extortion as "the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right."

Section 519 provides as follows: *"Threats which may constitute extortion. Fear, such as will constitute extortion, may be induced by a threat, either: 1. To do an unlawful injury to the person or property of the individual threatened or of a third person. . . ."*

Neither the rights of workmen to strike, nor to negotiate

with employers for the purpose of averting a strike are involved in this prosecution. It is conceded by appellant, quoting from the opinion in *McKay* v. *Retail Automobile Salesmen's Local Union No. 1067*, 16 Cal. (2d) 311, 319 [106 Pac. (2d) 373], that, "under the law as it has developed in recent years, an intentional interference with the advantageous economic relations of others by the members of labor organizations is not tortious unless violence is used or the *object sought to be accomplished has no reasonable relevance to labor conditions.*" (Italics added.)

It is clearly set forth in the amended indictment that respondent Bolanos attempted to commit extortion by threatening to do an unlawful injury to the property of Mrs. E. P. Wood and the Table Linen Supply Company, it being specifically alleged that in order to accomplish such unlawful injury he would "cause and promote unrest, discord, dissatisfaction, strife, trouble, and labor strikes among the employees of said. Mrs. E. P. Wood and said Table Linen Supply Company, and that, by reason thereof, he would disrupt and destroy the business and property of the said Mrs. E. P. Wood and the said Table Linen Supply Company, and thereby prevent the rendering of service to customers thereof, and thereby destroy the value of the plant, business and property," unless he received from Mrs. Wood the sum of $2,000 "for his own personal use and benefit."

Manifestly, it is an unlawful injury to inflict damage upon property in the manner alleged in the amended indictment.

"It was not necessary for the prosecution to set forth in the indictment the express manner in which . . . damage to property was to be brought about by defendants. It was held in *People* v. *Sanders*, 188 Cal. 744, 749 [207 Pac. 380], that a distinction is to be drawn between indictments which directly charge a defendant with a crime and those indictments which charge extortion through threats. In that case the defendant was charged with extortion by threatening to accuse the complainant of a crime, and in ruling that the exact crime threatened need not be set out in the indictment the court said: 'In the latter class of cases no such technical accusation is required as in the former, for several obvious reasons, some of which are that the indictment or information cannot go beyond the terms of the threatened accusations and the accusations need only be such as to put the intended victim of the extortion in fear of being accused of some crime. The

more vague and general the terms of the accusation the better it would subserve the purpose of the accuser in magnifying the fears of his victim, and the better also it would serve to protect him in the event of the failure to accomplish his extortion and of a prosecution for his attempted crime.' In *People* v. *Lavine*, 115 Cal. App. 289, 292 [1 Pac. (2d) 496], (in which *certiorari* was denied by the Supreme Court of the United States, 286 U. S. 528 [52 S. Ct. 500, 76 L. Ed. 1270] ), the defendant was charged in the indictment with the crime of extortion in that he obtained the sum of $75,000 by threatening 'to expose certain secrets' concerning four persons named in the indictment. The indictment was held sufficient.'' (*People* v. *Peppercorn*, 34 Cal. App. (2d) 603, 606 [94 Pac. (2d) 80].)

Respondent Bolanos places reliance upon the case of *People* v. *Schmitz*, 7 Cal. App. 330 [94 Pac. 407, 419, 15 L. R. A. (N.S.) 717]. That case is easily distinguishable from the one here under consideration. In the Schmitz case, although the indictment used the words ''unlawful injury,'' facts were set forth showing that the threatened injury was not in fact unlawful. In the instant case, the facts alleged in the amended indictment are sufficient to show the threatened injuries to have been unlawful.

An analysis of the facts alleged in the amended indictment clearly indicates that it substantially conforms to the requirements of sections 950, 951 and 952 of the Penal Code; that the facts so alleged constitute a public offense, and that said indictment is not vulnerable to the charge that it is uncertain, indefinite and ambiguous.

For the reasons stated, the judgment is reversed and the trial court is directed to overrule the demurrer.

Doran, J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 19, 1942.