[No. 20901. Department One. — August 22, 1892.]

THE PEOPLE, RESPONDENT, *v.* CHARLIE LEE KONG, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — ABSENCE OF PERSON INTENDED TO BE KILLED. — Where a policeman bored a hole in the roof of a building for the purpose of determining from observation whether or not the occupant was conducting therein a gambling or lottery game, and the occupant, having ascertained the fact, and believing that the policeman was on the roof at the point of contemplative observation, fired his pistol at that spot, with the intent to kill, he is guilty of an assault with intent to commit murder, although the officer was not at the spot when the shot was fired, but was upon another part of the roof.

ID. — UNKNOWN OBSTRUCTIONS TO CRIMINAL ATTEMPT. — Where the criminal result of an attempt is not accomplished simply because of an obstruction in the way of the thing to be operated upon, and these facts are unknown to the aggressor at the time, the criminal attempt is committed.

ID. — ASSAULT — ATTEMPT COUPLED WITH ABILITY. — In order to be guilty of an assault, there must be an unlawful attempt coupled with a present ability to accomplish the act intended.

ID. — ABILITY TO ACCOMPLISH MURDER — LOADED PISTOL — MISTAKE AS TO LOCATION OF VICTIM. — A person has the present ability to accomplish the murder intended, when he has a loaded pistol, and the person intended to be fired at is within reach of its effect, and the fact that he was mistaken as to the exact spot where his victim was located at the time of firing is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens,* and *H. C. Grant,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

GAROUTTE, J. — Appellant was convicted of the crime of an assault with intent to commit murder, and now prosecutes this appeal, insisting that the evidence is insufficient to support the verdict.

The facts of the case are novel in the extreme, and when applied to principles of criminal law, a question arises for determination upon which counsel have cit. d no precedent.

A policeman secretly bored a hole in the roof of appellant's building, for the purpose of determining, by a view from that point of observation, whether or not he was conducting therein a gambling or lottery game. This fact came to the knowledge of appellant, and upon a certain night, believing that the policeman was upon the roof at the contemplated point of observation, he fired his pistol at the spot. He shot in no fright, and his aim was good, for the bullet passed through the roof at the point intended; but very fortunately for the officer of the law, at the moment of attack he was upon the roof at a different spot, viewing the scene of action,

and thus no substantial results followed from appellant's fire.

The intent to kill is quite apparent from the evidence, and the single question is presented, Do the facts stated constitute an assault ? Our criminal code defines an assault to be " an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another." It will thus be seen that to constitute an assault two elements are necessary, and the absence of either is fatal to the charge. There must be an unlawful attempt, and there must be a present ability, to inflict the injury. In this case it is plain that the appellant made an attempt to kill the officer. It is equally plain that this attempt was an unlawful one. For the intent to kill was present in his mind at the time he fired the shot, and if death had been the result, under the facts as disclosed, there was no legal justification to avail him. The fact that the officer was not at the spot where the attacking party imagined he was, and where the bullet pierced the roof, renders it no less an attempt to kill. It is a well-settled principle of criminal law in this country, that where the criminal result of an attempt is not accomplished simply because of an obstruction in the way of the thing to be operated upon, and these facts are unknown to the aggressor at the time, the criminal attempt is committed. Thus an attempt to pick one's pocket or to steal from his person, when he has nothing in his pocket or on his person, completes the offense to the same degree as if he had money or other personal property which could be the subject of larceny. (*State* v. *Wilson*, 30 Conn. 500; *Commonwealth* v. *McDonald*, 5 Cush. 365; *People* v. *Jones*, 46 Mich. 441; *People* v. *Moran*, 123 N. Y. 254.)

Having determined that appellant was guilty of an unlawful attempt to kill, was such attempt coupled with the present ability to accomplish the deed ? In the case of *People* v. *Yslas*, 27 Cal. 633, this court said: "The common-law definition of an assault is substantially the same as that found in our statute." Con-

ceding such to be the fact, we cannot indorse those authorities, principally English, which hold that an assault may be committed by a person pointing in a threatening manner an unloaded gun at another; and this, too, regardless of the fact whether the party holding the gun thought it was loaded, or whether the party at whom it was menacingly pointed was thereby placed in great fear. Under our statute it cannot be said that a person with an unloaded gun would have the present ability to inflict an injury upon another many yards distant, however apparent and unlawful his attempt to do so might be. It was held in the case of *State* v. *Swails*, 8 Ind. 722, that there was no assault to commit murder where A fires a gun at B at a distance of forty feet, with intent to murder him, if the gun is in fact loaded with powder and a slight cotton wad, although A believes it to be loaded with powder and ball. The later Indiana cases support this rule, although in *Kinkle* v. *State*, 32 Ind. 230, the court, in speaking of the Swail's case, said: "But if the case is to be understood as laying down the broad proposition that to constitute an assault . . . . with intent to commit felony the intent and the present ability to execute must necessarily be conjoined, it does not command our assent or approval." In the face of the fact that the statute of this state in terms requires that in order to constitute an assault the unlawful attempt and present ability must be conjoined, *Kinkle* v. *State*, 32 Ind. 230, can have no weight here. In *State* v. *Napper*, 6 Nev. 115, the court reversed the judgment upon the ground that the people failed to prove that the pistol with which the assault was alleged to have been made was loaded, and that consequently there was no proof that the defendant had the present ability to inflict the injury.

It is not the purpose of the court to draw nice distinctions between an attempt to commit an offense and an assault with intent to commit the offense, for such distinctions could only have the effect to favor the escape of criminals from their just deservings. And in view of

the fact that all assaults to commit felonies can be pros-
ecuted as attempts, we can see no object in carrying the
discussion of the subject to any greater lengths.

In this case the appellant had the present ability to
inflict the injury. He knew the officer was upon the
roof, and knowing that fact he fired through the roof
with the full determination of killing him. The fact
that he was mistaken in judgment as to the exact spot
where his intended victim was located is immaterial.
That the shot did not fulfill the mission intended was
not attributable to forbearance or kindness of heart upon
defendant's part; neither did the officer escape by reason
of the fact of his being so far distant that the deadly
missile could do him no harm. He was sufficiently near
to be killed from a bullet from the pistol, and his an-
tagonist fired with the intent of killing him. Appel-
lant's mistake as to the policeman's exact location upon
the roof affords no excuse for his act, and causes the act
to be no less an assault. These acts disclose an assault
to murder as fully as though a person should fire into a
house with the intention of killing the occupant, who
fortunately escaped the range of the bullet. (See *Cow-
ley* v. *State*, 10 Lea, 282.) The fact that the shots were
directed indiscriminately into the house rather than that
the intended murderer calculated that the occupant was
located at a particular spot, and then trained his fire to
that point, could not affect the question. The assault
would be complete and entire in either case. If a man
intending murder, being in darkness and guided by
sound only, should fire, and the bullet should pierce the
spot where the party was supposed to be, but by a mis-
take in hearing the intended victim was not at the point
of danger, but some distance therefrom, and yet within
reach of the pistol-ball, the crime of assault to commit
murder would be made out; for the unlawful attempt
and the present ability are found coupled together. If
appellant's aim had not been good, or if through fright
or accident when pointing the weapon or pulling the
trigger, or if the ball had been deflected in its course

from the intended point of attack, and by reason of the occurrence of any one of these contingencies the party had been shot and killed, a murder would have been committed. Such being the fact, the assault is established.

The fact of itself that the policeman was two feet or ten feet from the spot where the fire was directed, or that he was at the right hand or at the left hand or behind the defendant at the time the shot was fired, is immaterial upon this question. That element of the case does not go to the question of present ability, but pertains to the unlawful attempt.

Let the judgment and order be affirmed.

Paterson, J., concurred.

Harrison, J., concurring. — I concur in the judgment, upon the ground that upon the evidence before them the jury have determined that the unlawful attempt of the defendant was coupled with a present ability — that is, an ability by the means then employed by him in furtherance of such attempt — to commit murder upon the policeman.