[Crim. No. 2263.   Third Dist.   July 27, 1951.]

THE PEOPLE, Respondent, v. LOUIS HOPKINS, Appellant.

Alfred Nelson for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Defendant has appealed from a judgment rendered after his conviction by a jury which found him guilty of the charge that he obtained $4,002.82 from Alfred Francis by feloniously threatening that unless Francis paid said money to defendant certain third persons, designated as "gangsters," would do unlawful injury to his person and take his life. He also appeals from an order denying a new trial.

Defendant operated a shoe shining parlor in Manteca. He also worked as a janitor. Francis worked at odd jobs and from his earnings saved some $4,000 which money he deposited in a bank. He was shown by the testimony of a psychiatrist to be a mentally deficient person who was extremely suggestible and credulous. He testified that defendant told him that if he did not get money for "gangsters from Chicago" he would be "bumped off"; and that on one occasion, when there was an automobile in front of the shoe shining parlor, defendant told him that the occupant of same was a gangster who had come for money, and that if he did not get it anything could happen to Francis. He also testified that, being fearful of his life, he drew money from his bank account from time to time and gave it to defendant until all of his money had been given to him. Records of the bank tended to corroborate this testimony. Also, after information was given to police officers, they marked bills to be given to defendant by Francis, and upon observing the acceptance of same by defendant the officers arrested him. There was also evidence which indicated that defendant and his wife had recently engaged in transactions involving the expenditures of cash in amounts which were in excess of his earnings.

On this appeal Hopkins contends that he cannot be held guilty of extortion since the evidence does not show that he took the moneys from Francis under threats that he, himself, would do harm to Francis if the amounts requested were not paid; and that extortion by means of threats that third persons would do harm to the victim do not constitute a violation of section 518 of the Penal Code. That section provides that: "Extortion is the obtaining of property from another, with his consent, . . . induced by a wrongful use of force or fear, . . ." Said section does not state that the fear which

induces the obtaining of property must be fear induced by threats that the person extorting it will, himself, do bodily harm to his victim; and no authority is cited for such construction of the statute nor has any been found. We conclude that if, as the jury has found, the money was secured by threats which caused Francis to fear for his bodily safety, the statute was violated.

Appellant next asserts that the trial court committed reversible error in instructing the jury that "If any witness examined before you has wilfully sworn falsely to any material matter, it is your duty to distrust his entire testimony." However, this identical instruction was given in *People* v. *Kennedy*, 21 Cal.App.2d 185, 201 [69 P.2d 224], was approved by this court and a hearing in the Supreme Court denied.

It is appellant's third contention that the trial court erred in refusing his requested instruction that "In order that a wrongful use of fear may constitute extortion, it must be the operating or controlling cause producing the consent to deliver the money and resulting in the obtainment of the money by the defendant." The court did instruct that, "To constitute extortion the force or fear employed by a person must be the operating or inducing cause which produces the consent and results in the property being obtained by him. If some other cause is the primary and controlling cause for the consent to the property being delivered over to him, he does not commit extortion." That adequately covered the subject, and is in the form prescribed in CALJIC, Form 275, Alternate.

The order denying a new trial and the judgment are affirmed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied August 10, 1951, and appellant's petition for a hearing by the Supreme Court was denied August 23, 1951.