## STATE OF CONNECTICUT *v.* EDDIE WILSON (6515)

Dupont, C. J., Spallone and Foti, Js.

Argued October 6—decision released November 22, 1988

*Leopold P. DeFusco,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda Knight,* assistant state's attorney, for the appellee (state).

PER CURIAM. After a jury trial, the defendant was found guilty of interfering with an officer in violation of General Statutes § 53a-167a (a)[1] and possession with intent to dispense cocaine in violation of General Statutes § 21a-278 (b). The only issue raised by the defendant on appeal is whether the trial court erred in instructing the jury on the elements of interfering with a peace officer. We find no error.

From the evidence introduced at trial, the jury could reasonably have found the following facts. On January 3, 1987, two uniformed Bridgeport police officers observed the defendant participating in what appeared to be a sale of narcotics. As the officers approached the defendant, he walked away from them. When the officers ordered him to stop, he fled on foot. Another uniformed police officer heard the shout, and pursued the defendant. When the officer caught him, he resisted arrest by wrestling with the officer, trying to elbow him and continuing to struggle even after the other officers had arrived on the scene.

On appeal, the defendant claims that the trial court's jury instructions on the charge of interfering with a peace officer were misleading because they implied that the defendant could be found guilty without the state's proving, beyond a reasonable doubt, that the defendant possessed the requisite intent to commit the offense.

The defendant neither filed a request to charge nor took an exception to the court's instruction on the ele-

---

[1] "[General Statutes] Sec. 53a-167a INTERFERING WITH AN OFFICER: CLASS A MISDEMEANOR. (a) A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his [or her] duties."

ments of the charge of interfering with an officer, as required by Practice Book §§ 852 and 854 respectively. Ordinarily, this court will not review claims of error not properly preserved for appeal. Practice Book § 4185. Since this claim implicates the defendant's fundamental constitutional right not to be convicted except upon proof beyond a reasonable doubt of each and every element of the charged offense however, we will review it under the doctrine enunciated in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). *State* v. *Washington,* 15 Conn. App. 704, 709, 546 A.2d 911 (1988).

To obtain a conviction for interference with an officer, one of the essential elements that the state must prove beyond a reasonable doubt is that the defendant *intended* to interfere with the performance of an officer's duties. *State* v. *Flynn,* 14 Conn. App. 10, 18, 539 A.2d 1005, cert. denied, U.S. , 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). "It is . . . constitutionally axiomatic that the jury be instructed on the essential elements of the crime charged." *State* v. *Williamson,* 206 Conn. 685, 708, 539 A.2d 561 (1988). When reviewing a claim of error involving jury instructions that implicates a defendant's constitutional right, " '[t]he applicable test requires the state to prove beyond a reasonable doubt that, from the viewpoint of the charge as a whole, there is no reasonable possibility that the jury was misled.' " *State* v. *Townsend,* 206 Conn. 621, 626, 539 A.2d 114 (1988), quoting *State* v. *Sinclair,* 197 Conn. 574, 582, 500 A.2d 539 (1985). We have reviewed the trial court's jury instructions in their entirety, as we are required to do, and conclude that the trial court's instruction on intent was not misleading.

After reading General Statutes § 53-167a (a) to the jury, the court explained that there were two essential elements that the state must prove beyond a reasonable doubt, and in listing those, did not mention

■■■■■■

intent.[2] Instead, in the context of explaining the two elements the court gave the following instruction to the jury: "In addition, you must *consider whether the defendant intended* to interfere with the performance of the peace officer's duty. Accidental or inadvertent interference is not enough." (Emphasis added.) The court also gave the jury a general intent charge.[3] The defendant's objection to that charge is that by instructing the jury to "consider" the defendant's intent, rather than delineating it as an element that the state was required to prove beyond a reasonable doubt, the jury was misled into believing that intent was not an element of the crime.

---

[2] The portion of the charge that the defendant claims is erroneous is the following:

"There are two essential elements of the crime of interfering with an officer. One, that the defendant obstructed, resisted, hindered or endangered the peace officer and two, that the conduct of the defendant occurred while the peace officer was in the performance of his duties. . . . Now from the evidence you've heard, you should consider whether the defendant obstructed, resisted, hindered or endangered the peace officer. In addition, you must consider whether the defendant *intended* to interfere with the performance of the peace officer's duty. Accidental or inadvertent interference is not enough. . . . If you find the state has proven by proof beyond a reasonable doubt that the defendant obstructed, resisted, hindered or endangered a peace officer in the performance of his duties, you will find the defendant guilty of interfering with a peace officer. If you do not so find, you must return a verdict of not guilty." (Emphasis added.)

[3] The court charged the jury with respect to general intent as follows: "I should mention to you one other concept and that is intent. Intent is sometimes an element of a criminal offense to be proved by the state beyond a reasonable doubt and it is in this case, as I will later mention to you. Because intent can seldom be proved directly, for no one can look into a man's mind and determine his intent at any given time, it is proper and usually necessary to infer intent. That is, determine what a person intended by determining what his words and actions were at the particular time in question. And from those words and actions infer or conclude what his intent or purpose was. A person's intentions may be inferred from the acts which he did commit. To draw such an inference is the privilege of the jury provided only that the inference is a reasonable one. A person acts intentionally with respect to a result or to conduct divided by a statute defining an offense when his conscious objective is to cause such result or engage in such conduct."

Reasonably read, the charge instructed the jury that it must find two essential elements of the particular crime of interference with a peace officer, and that both crimes with which the defendant was charged required proof of intent as an element. The use of the word "consider" did not dilute the necessity of proving, beyond a reasonable doubt, that intent was an element of the crime of interference with a peace officer. See *State v. Kurvin,* 186 Conn. 555, 565, 442 A.2d 1327 (1982). While it would have been preferable to list intent as one of the three elements of the offense of interference with a peace officer, we are persuaded that the charge, when read as a whole, did not mislead the jury.

There is no error.