[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant proceeded to trial on information charging assault in the first degree and attempted assault in the first degree. During the course of the State's presentation of the case, the victim witness of the assault testified that he received a stab wound in his back while he had turned from the defendant in order to deposit or withdraw cash from a cash register. The victim confronted the defendant, ran to the rear of the premises where he retrieved his own weapon and returned to the front of the store and fired the gun at the fleeing defendant.
The victim received medical attention and eventually went to the hospital where he was treated. The record reflects clearly that he sustained a knife wound of undetermined depth and width which provided some pain and bleeding. However, when seen at the hospital, the bleeding had stopped and the victim was discharged. The treating physician's testimony on direct and cross examination was that the wound was neither serious nor life threatening.
At the conclusion of the State's case, the State's Attorney moved to amend the information to charge the defendant with attempt to commit assault in the first degree in the first count and with the offense of assault in the second degree in the second count.
The Court, upon hearing arguments concerning the permission to amend, allowed same. The State then rested its case and the Court entertained the defendant's motion to dismiss.
The Court concluded that the evidence did not support the charge of attempt to commit assault in the first degree, but was satisfied that the charge of assault in the second degree was conclusively established. CT Page 3943
The Court's original evaluation of the case was that there was an inherent conflict between the two charges, as the proof of both charges would seem to require the defendant be shown to hold two mutually exclusive intents concurrently. In the first count, the jury would be required to determine that the accused had the intent to commit serious physical injury, while on the second count concluding that the defendant's intent was to commit a simple physical injury by accomplishing assault in the second degree. The evidence supported the latter. The Court was mystified as to why no charge of attempted robbery had been entered.
On further reflection, in accordance with State v. Sharpe,195 Conn. 651 Conn. 651 (1985), State v. Almeda,189 Conn. 303 (1983) and particularly State v. Washington,15 Conn. App. 704 (1988), the Court now determines that the; purported conflict between the levels of intent was an insufficient basis for the granting of the motion to dismiss, as the two states of mind could theoretically co-exist.
That being said, the Court must reexamine the merits of the charge of attempted assault in the first degree to determine whether the information is supported by sufficient evidence or cause to justify the bringing or continuing of such information. Conn. Gen. Stat. 54-56.
The statute which contemplates such a dismissal by the trial court (54-56) exists to prevent the unchecked power by a prosecuting attorney. State v. Carroll, 13 Conn. Sup. 112
(Sup.Ct. 1944). Where the Court finds that the evidence presented by the State would not reasonably support a jury finding of guilty, such a dismissal is appropriate. See e.g., State v. Audet, 170 Conn. 337, 339 (1976). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution any rationalities of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319
(1979).
The elements which must be proven to support a conviction for attempted assault in the first degree are set forth in Conn. Gen. Stat. 539-59(a)(1):
 Sec. 53a-59. Assault in the first degree: Class B felony. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument. CT Page 3944
 Sec. 53a-49. Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
 (b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law: (1) Lying in wait, searching for or following the contemplated victim of the crime; (2) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission; (3) reconnoitering the place contemplated for the commission of the crime; (4) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed; (5) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; (6) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances; (7) soliciting an innocent agent to engage in conduct constituting an element of the crime.
 (c) When the actor's conduct would otherwise constitute an attempt under subsection (a), it shall be a defense that he abandoned his effort CT Page 3945 to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.
It is elementary that evidence produced of an accused's mental state will of necessity be circumstantial. State v. Chace, 199 Conn. 102, 105 (1986). Nevertheless the latitude allowed a jury in making inferences from circumstantial evidence is by no means unlimited: "In finding guilt beyond a reasonable doubt, a jury may not resort to speculation and conjecture but it is clearly within the province of the jury to draw reasonable, logical inferences from the facts proven." State v. Morrill, 193 Conn. 602, 609 (1984).
A method of distinguishing between "speculation" and "reasonable, logical inferences" is provided by the case of State v. Villano, 176 Conn. 301, 303 (1978): "A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." This the Court interprets to mean that evidence sufficient to sustain a criminal conviction is that which extinguishes all but the most far-fetched ambiguities.
Where attempted assault is charged, the State must prove the requisite state of mind and "some overt act adapted to, approximating, and which in the ordinary and likely course of things will result in the commission thereof" 21 Am. Jur.2d Criminal Law, 159, p. 313.
In evaluating the appropriateness of dismissal under Conn. Gen. Stat. 54-56, the Court must therefore review the evidence offered by the State as to both elements of the charged offense.
INTENT
 "Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. The rule is especially applicable where a statutory offense, consisting of an act and a specific intent, constitutes substantially an attempt to commit some higher CT Page 3946 offense than that which accused succeeded in accomplishing.
Markton v. State, 139 N.E.2d 440, 442 (Ind. 1957) (quoting 22 C.J.S., Criminal Law, 32, p. 92).
The requirement that the element of intent be proven beyond a reasonable doubt is imposed by the due-process clause of the Fourteenth Amendment. State v. Amado, 433 A.2d 233, 237
(R.I., 1981); Commonwealth v. Sheehan, 376 Mass. 765,383 N.E.2d 1115, 1122 (1978).
Here the only evidence directly supportive of the existence of the requisite intent to create serious physical injury was the infliction of non-serious injury. While the Court has conceded the two facts are not mutual by exclusive, neither are they identical. For such evidence to be sufficient by itself to show specific intent to cause serious injury, it would have to have been sufficient to support a conviction for the actual offense of first degree assault. Without more, such evidence could not properly be probative of the specific intent to commit first degree assault. This is because the evidence of the injury supports other reasonable hypotheses: "when circumstantial evidence is relied on to prove an essential element of the crime it must be of a conclusive nature and inconsistent with any other reasonable hypothesis but that of guilt." Donald v. State, 344 So.2d 633 (Fla.App. 2, 1977). See also State v. Slaughter, 70 Wash.2d 935, 425 p. 2d 877, 879 (1967); State v. Gillingham, 33 Wash.2d 847, 207 p. 2d 737, 741 (1949).
In view of the foregoing, the Court finds that the evidence offered to prove intent to cause serious physical injury is fatally ambiguous and thus legally insufficient.
2. A SUBSTANTIAL STEP
Subsection (a)(2) of 53a-49 requires the proof of an act or omission which constitutes "a substantial step in a course of conduct planned to culminate in his commission of the issue". "In order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end. * * *" People v. Gallardo, 41 Cal.2d 57, 66, 257 P.2d 29, 35. "Preparation alone is not enough, there must be some appreciable fragment of the crime committed, [and] it must be in such progress that it will be CT Page 3947 consummated unless interrupted by circumstances independent of the will of the attempter * * *" People v. Buffum, 40 Cal.2d 709, 718, 256 P.2d 317, 321; see People v. Miller, 2 Cal.2d 527, 530, 42 P.2d 308, 98 A.L.R. 913; People v. Van Buskirk, 113 Cal.App.2d 789, 792-793, 249 P.2d 49; People v. Franquelin, 109 Cal.App.2d 777, 783, 241 P.2d 651.
People v. Camodeca, 52 Cal.2d 142, 338 P.2d 903, 905 (1959).
"The law . . . considers those acts only as tending to the commission of the crime which are so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference." People v. Rizzo, 216 N.Y., N.Y. 334, 158 N.E. 888, 889
(1927). In this case, the evidence showed an act which under the circumstances, had to be viewed as equivocal. The accused at the time of the assault had the element of surprise; the weapon used was clearly capable of inflicting serious physical injury and the defendant was physically positioned to do so had he been so inclined.
The cases are generally uniform in the requirement that any act relied on as constituting a substantial step in an attempt charge be unequivocal in nature. "Attempt is a subtle concept that requires a rational and logically sound definition, one that enables society to punish malefactors who have unequivocally set out upon a criminal course." United States v. Stallworth, 543 F.2d 1038, 1040 (2d Cir. 1976).
The Second Circuit quoted with approval the rationale of the drafters of the Model Penal Code in United States v. Jackson, 560 F.2d 112, 119 (2d Cir. 1977): "[I]t is intended that the requirement of a substantial step will result in the imposition of attempt liability only in those instances in which some firmness of criminal purpose is shown. . ." Similarly in United States v. Ivic, 700 F.2d 51, 66 (2d Cir. 1983), Judge Friendly held "that conduct shall not be held to constitute a substantial step. . . unless it is strongly corroborative of the actor's criminal purpose. . ."
Similarly, Judge Cardozo of the New York Court of Appeals defined the standard thus: "Acts in furtherance of a criminal project do not reach the stage of an attempt, unless they carry the project forward within dangerous proximity to the criminal end to be attained." People v. Werblon, 241 N.Y. 55,148 N.E. 786, 789 (1925). Massachusetts Courts have also been relatively vigorous in defining the "substantial" step, CT Page 3948 as the following language by Chief Judge Holmes shows: "As the aim of the law is not to punish sins, but to prevent certain external results, the act done must come pretty near to accomplishing that result before the law will notice it" Commonwealth v. Kennedy, 170 Mass. 18, 48 N.E. 770 (1897). The Massachusetts Courts still follow the rule that the act must "come pretty near" to the underlying offense to constitute an attempt. See, e.g., Commonwealth v. Gosselin,365 Mass. 116, 309 N.E.2d 884, 888 (1974).
It is the opinion of the Court that, whatever formulation among those above cited is used, the evidence in this case fails to uphold a finding that the accused here took an act which was a substantial step toward the creation of serious physical injury. The act was equivocal, the defendant showed no firmness of purpose and the act did not "come pretty near" the first degree assault as charged. If there were stronger evidence of intent, the act might properly have supported a different inference; if the act had been less equivocal, the intent might have been inferred. As it is, neither leg is strong enough to support the other.
REQUEST FOR PERMISSION TO APPEAL
The statutes provide a mechanism whereby the State, in a criminal matter, may in some cases appeal a ruling by the trial court. The relevant statute is 54-96:
 Sec. 54-96. Appeals by the state from superior court in criminal cases. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding Judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused.
As the statute makes clear, the granting of permission to appeal from such rulings as the dismissal of an information under 54-56 rests within the sound discretion of the court. Only where such denial may be deemed "so arbitrary as to constitute an extreme abuse of discretion", State v. Avcollie, 174 Conn. 100, 110 (1977), will the denial itself be subject to appellate review. It is therefore perhaps appropriate for the Court in considering a request by the State for permission to appeal the dismissal of the attempt charge, to consider what interests may be served by such a prolongation of this matter. CT Page 3949
The record shows that the defendant pleaded guilty to a charge of second degree assault, served his sentence, and was released from custody.
The Court observes that the judicial District of Fairfield has a substantial backlog of pending felonies in Part A. This Court is properly mindful of the exigencies of caseflow in a court system already overburdened by matters yet to be litigated. Our City has suffered more than fifty fatalities through violence in the first ten months of the year, with many homicide cases pending in this courthouse.
This case has been tried, and the Court is satisfied that the interests of justice have been served by the disposition of the charges. The defendant had no prior criminal history and entered a guilty plea voluntarily.
Upon a thorough consideration of the facts and the relevant law, the Court finds that neither the interests of judicial economy nor public safety will be served by the needless, and ultimately fruitless, prolongation of the State's case against this defendant for this crime. The defendant is not in custody and there can be no realistic expectation that any further action on the State's charges in this case will result in his rearrest. There are, regrettably, many worse crimes for which defendants await trial, and only the remotest possibility that permission to appeal would ultimately produce a higher level of public safety.
For all the foregoing reasons, the Court denies permission to appeal under 54-96.
G. SARSFIELD FORD, JUDGE.